## In re PIZA.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

MORTGAGES—RELEASE OF MORTGAGOR.

Where the grantee of mortgaged premises did not assume the payment of the mortgage, an extension of time for payment of the debt given the grantee by the mortgagee releases the mortgagor only to the extent of the value of the land at the time of the agreement for such extension; and therefore, in an action to foreclose the mortgage, the discontinuance, by consent, of the action, as to the mortgagor, on the claim being interposed by him that the extension of payment released him from liability, does not prevent an action against the mortgagor, in case of a deficiency on the foreclosure sale. Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Petition by Joshua S. Piza, as administrator of Rachel S. Piza, to sue David W. O'Neil upon a certain bond executed by him. From an order granting the petition, O'Neil appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George E. Miner, for appellant.
Benjamin N. Cardozo, for respondent.

BARRETT, J. The order appealed from grants the petitioner, Joshua S. Piza, applying as administrator of Rachel S. Piza, deceased, leave to sue David W. O'Neil to recover the amount due upon his bond. O'Neil executed his bond and mortgage to the petitioner, individually, on January 4, 1889. They were for $25,000, and fell due January 4, 1892, prior to which time they were assigned to the decedent. In December, 1890, O'Neil sold the mortgaged premises to one Steers, who took subject to the mortgage, but did not covenant to pay it. On January 4, 1892, the decedent entered into a written agreement with Steers, without O'Neil's knowledge or consent, extending the time of payment three years. By this instrument, Steers made himself liable for the whole principal sum, "with like effect as if the party of the second part [Steers] had assumed and agreed to pay the said mortgage in and by the terms of the deed" which he received from O'Neil. The mortgage was foreclosed in the early part of 1894 on account of a default in the payment of interest. O'Neil was at first made a party defendant, and judgment for any deficiency claimed against him; but, upon his assertion that the extension had relieved him from all liability on the bond, the action was discontinued as to him by consent.

If Steers had covenanted with O'Neil, in the deed, to assume the mortgage, there is no doubt that O'Neil would have become simply a surety for the performance of the covenant, and that the extension would have relieved him from all liability. Calvo v. Davies, 73 N. Y. 216. But Steers did not so covenant, and O'Neil's exemption from liability upon the bond was limited to the value of the land at the time of the agreement. Murray v. Marshall, 94 N. Y. 611. He was not liable for any deficiency which might arise upon the sale in the foreclosure suit. He was only liable for the difference between the actual value of the land at the time of the agreement, and the amount of the mortgage. The risk of future depreciation fell

upon the creditor. It is doubtful, therefore, whether the question of O'Neil's liability, and its extent, could have been appropriately tried in the foreclosure action. Not being liable for any deficiency upon the sale, and his liability, if any, depending upon considerations foreign to an ordinary decree of foreclosure and sale,. his being dropped as a party defendant did not substantially prejudice him, or affect his real interests. Whether he is now liable depends, not upon what the property brought at the foreclosure sale, but entirely upon its value at the time of the agreement between the decedent and Steers. The petition states, upon information and belief, that the property was then of less value than the mortgage. O'Neil states, also upon information and belief, that it was worth more. These conflicting claims cannot properly be tried upon affidavits, and we see nothing oppressive or inequitable in permitting the petitioner to bring his action to have that question properly determined.

The order should therefore be affirmed, with $10 costs and disbursements of the appeal.

RUMSEY, O'BRIEN, and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. (dissenting). On the 4th of January, 1889,. David W. O'Neil, being the owner of certain premises in the city of New York, executed a bond containing the usual interest clause, and a mortgage thereon, to Joshua S. Piza, to secure the sum of $25,000. Thereafter said Joshua S. Piza assigned said bond and mortgage to one Rachel S. Piza. On the 9th of December, 1890, O'Neil conveyed the premises in question to one Abraham Steers, subject to the mortgage above mentioned. The said mortgage falling due on the 4th of January, 1892, Rachel S. Piza and the said Abraham Steers entered into an agreement reciting said mortgage and the assignment of the same, and that said Steers was the owner of the premises, by which the said Rachel S. Piza extended the time of the payment of the mortgage until the 4th of January, 1895, and said Steers agreed to pay the same. Rachel S. Piza having died,. the petitioner, Joshua S. Piza, was appointed her administrator. On the 4th of January, 1894, Steers having failed to pay the interest falling due on that day, and it remaining unpaid for the space mentioned in said bond, Joshua S. Piza, as administrator, commenced an action to foreclose the said mortgage, and made O'Neil a party thereto, claiming a judgment for a deficiency. O'Neil having put in an answer asserting his discharge by reason of the agreement to extend the mortgage with Steers, the action was discontinued as to him, and proceeded to a judgment of foreclosure and sale on the 10th of April, 1894, and the premises were sold at public auction for the sum of $22,000; and there was a deficiency of $6,164.24, upon which the plaintiff received the sum of $1,542.50, leaving $4,621.74 still due. In January, 1896, said Piza, as administrator, made this application to the court for leave to sue O'Neil, upon the bond, for the amount of this deficiency. In O'Neil's affidavit in opposition, he alleges the fact that, at the time of the agreement extending the time for the payment of the mortgage, the premises in question were

worth $35,000, and that he was discharged by reason of such extension. The court below granted the motion, and from the order thereupon entered this appeal is taken.

It is well established that the granting of leave to sue upon a bond to recover a deficiency arising upon the sale of premises mortgaged to secure the payment of the bond is not a matter of right, but rests in the sound discretion of the court. Society v. Stevens, 63 N. Y. 341; Insurance Co. v. Poillon (Sup.) 6 N. Y. Supp. 370. In the case at bar it appears that O'Neil was made a defendant in the action in foreclosure; that he set up his defense in that action, and the action was discontinued; and that he had full reason to believe, from this action upon the part of the plaintiff, that no further claim would be made against him. He was therefore justified in taking no proceedings for the purpose of making the premises which were sold under foreclosure bring as much as possible, or to protect himself against a judgment for deficiency by buying them in. But the holder of the mortgage, having lulled O'Neil into security by the discontinuance of his claim for deficiency, after he has sold the premises and a deficiency has arisen, now seeks to charge him therewith, when he has no means whatever of protecting himself. We think that, under these circumstances, it would be inequitable to allow the holder of this bond and mortgage to pursue O'Neil for the deficiency. The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.