GERALD E. HART, Respondent, *v.* WILLIAM D. CHASE, Defendant, Impleaded with EDWARD V. LOEW, Appellant.

67   445
39 Mis 241

*Application for a defendant's examination before trial — contents of the affidavit therefor.*

The moving affidavit, used on an application by a plaintiff for an order for the examination of the defendant before trial, need not necessarily state a complete cause of action, but the nature of the action must be stated together with the substance of the judgment demanded, and it must appear that the plaintiff is entitled to some relief.

APPEAL by the defendant, Edward V. Loew, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of September, 1901, denying said defendant's motion to vacate an order for his examination before trial.

*Charles Ruston*, for the appellant.

*Terry Smith*, for the respondent.

**446** PEOPLE ex rel. STEVENSON CO. *v.* LYMAN.

FIRST DEPARTMENT, JANUARY TERM, 1902.          [Vol. 67.

VAN BRUNT, P. J.:

While, undoubtedly, it is not necessarily requisite that an affidavit in an application of this description should state a complete cause of action, yet the nature of the action must be stated, and the substance of the judgment demanded, and it must be seen that the plaintiff is entitled to some relief. In the case at bar the affidavit, while indulging in general allegations of facts clearly not within the affiant's knowledge, states no cause of action whatever against this defendant who is sought to be examined. The agreement which is sought to be made the basis of the action in no way bound the New Amsterdam Casualty Company, and the fact that the defendant received the subscriptions provided for in said agreement raised no obligation whatever upon his part to respond to the plaintiff. And, furthermore, it may be said that it nowhere appears what the plaintiff's claim is, or to what he believes himself to be entitled. Under these circumstances, we think that there was not only no cause of action shown, but, so far as the facts disclose, an absolute want of any right to proceed against this defendant.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.