STRAUSS v. ST. LOUIS COUNTY BANK.

(Supreme Court, Appellate Division, First Dep rtment. June 5, 1908.)

1. LOST INSTRUMENTS—BILLS AND NOTES—ACTION—DEFENSE—OWNERSHIP OF THIRD PERSON.

In an action on a lost draft by the assignee of the purchaser thereof against the drawer to recover the amount paid therefor, an answer alleging a repayment of the money to its legal owner, and setting up in detail the conspiracy and a fraud by which plaintiff's assignee obtained the money from such owner, set up a good defense.

2. PLEADING—DEMURRER TO ANSWER—PLEADING GOOD IN PART.

Where a separate defense repeats another part of the answer which sets up a sufficient defense, it is not subject to demurrer, although there is added thereto a defense which is insufficient. If the allegations were improperly realleged, motion should be made to strike them out.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 488, 490.]

Appeal from Special Term.

Action by Joseph Strauss against the St. Louis County Bank. From a judgment overruling plaintiff's demurrer to certain separate defenses pleaded in the answer, he appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Charles E. Travis, for appellant.

George Zabriskie, for respondent.

INGRAHAM, J.  The action was brought against the defendant, a foreign banking corporation organized under the laws of the state of Missouri.  The complaint alleges that on the 29th day of April, 1906, the defendant, at the city of Clayton, Mo., for a valuable consideration, delivered to one Class a certain draft or bill of exchange directed to the Mercantile Trust Company of St. Louis, requiring the said trust company to pay on demand to the order of Class $1,000; that prior to the 1st day of May, 1906, the said Class lost or destroyed the said draft, and the same could not be found, and the same was not accepted for payment by the said Mercantile Trust Company of St. Louis; and that at the time of the loss of the said draft or bill of exchange the same had not been indorsed by the said Class, and on or about the 9th day of May, 1906, Class notified the defendant of the loss or inadvertent destruction of the said draft or bill of exchange, and demanded of the defendant that it pay to him the amount represented by the said draft or bill of exchange, or issue a duplicate of the original thereof to him and to stop payment on said original lost draft or bill of exchange; that the said defendant did stop payment on said original lost draft or bill of exchange, and thereafter Class demanded of the defendant payment of the sum of $1,000 represented by it, which the defendant refused on the ground that the said sum was claimed by another person; that subsequently, on the 8th day of October, 1906, a further demand was made by Class on the defendant for the payment of the sum of $1,000, which the defendant refused on the ground that it had already paid out the said sum of money to another person claiming ownership of the same, and subsequently the said Class assigned to the plaintiff his right of action against the defendant.

There is another cause of action to recover the money paid to the defendant upon another draft amounting to $1,000 based upon the same facts.  The defendant answered, denying several allegations of the complaint, and denying knowledge or information sufficient to form a belief as to other allegations therein contained, and setting up three separate and further defenses.  The first of the separate defenses alleges that the only consideration upon which the defendant made or delivered to the plaintiff's assignor drafts or bills of exchange in the complaint referred to was the payment of certain money by the plaintiff's assignor to the defendant, which money the plaintiff's assignor falsely and fraudulently and with intent to deceive this defendant represented to the defendant was plaintiff's assignor's property whereas, in reality, it was not the property of the plaintiff's assignor, but was the property of one Schrader, who there afterwards demanded the same from this defendant, that this defendant paid the same to the said Schrader, and that plaintiff's assignor at all times well knew that the said money belonged to Schrader.

The second separate defense sets up in detail the conspiracy and fraud by which the plaintiff's assignor obtained the money from Schrader. These facts admitted by the demurrer justify a finding that Schrader never parted with or intended to part with the title to the money, and that the appropriation of the money by the plaintiff's assignor was, in effect, a larceny which vested no title in the plaintiff's assignor, and which would entitle Schrader to follow the money and recover it from the possession of the plaintiff's assignor or any one who received it with notice of the manner in which its possession had been acquired; the form of the action being for money had and received. If it appears that the money that the defendant holds was not the property of the plaintiff's assignor which in equity and good conscience should be repaid to him, the plaintiff, it must necessarily fail to recover. Thus these facts alleged, the bank alleging a repayment of the money to its legal owner, and accepting the burden of proving the fact that Schrader to whom it had paid the money was its real owner, and entitled to receive it from the defendant, set up a good defense.

The third separate defense pleaded for a fourth and separate defense realleged the allegations contained in paragraphs 4 to 9 of the complaint. Here the defendant restates the allegations of the second separate defense, which we think a good defense to the cause of action alleged in the complaint, and, in addition thereto, alleges an act of the state of Missouri that "any person who shall lose any money or property at any game or gambling devise may recover the same by civil action." It is not apparent how this statute applied to this transaction as alleged in the second separate defense. There seems to have been no bet between Schrader and the plaintiff's assignor or any of his confederates; but, as a part of this defense the defendant repeats the second separate defense which is sufficient, this third separate defense cannot be successfully demurred to. If these allegations were improperly realleged, the plaintiff should apply to have them stricken out. See Wiener v. Boehm (decided with this case) 111 N. Y. Supp. 126.

It follows, therefore, that the judgment appealed from should be affirmed, with costs to the respondent, with leave, however, to the plaintiff to withdraw the demurrer within 20 days on payment of costs in this court and in the court below. All concur.