### WIENER v. BOEHM et al.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

1. MORTGAGES—PAYMENT OF DEBT BY GRANTEE—DEFENSE TO ACTION FOR DEBT.
    Where grantees take premises subject to indebtedness secured by a mortgage, payment by them inures to the benefit of the signers of the bond secured thereby.

2. BONDS—ASSIGNMENTS—ACTION BY ASSIGNEE—DEFENSES—PAYMENT—PLEADING.
    In an action on a bond assigned to plaintiff on the day of the maturity thereof, an answer alleging that the indebtedness has been paid in full, together with interest, was sufficient on demurrer, though it did not expressly allege that such indebtedness was paid to plaintiff, or that it was paid before the assignment to him.

3. PLEADING—DEMURRER TO ANSWER—PLEADING GOOD IN PART.
    Where a sufficient defense in one part of an answer is repeated in a separate defense, or is referred to, instead of repeating the allegation in hæc verba, such separate defense is not subject to demurrer, although the new matter therein standing alone might be insufficient to constitute a defense.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 488, 490.]

4. SAME—PLEADING SEPARATE DEFENSES—REFERENCES.
    Repeating in a succeeding defense allegations contained in a preceding one, which are material and essential to new matter, by reference, instead

of repeating the allegations in hæc verba, is desirable where the allegations sought to be repeated may thus be clearly and definitely pointed out; but, where the allegations sought to be repeated cannot be thus identified with definiteness, or without including immaterial allegations, it is bad practice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 193.]

5. MORTGAGES—CONVEYANCE BY MORTGAGOR—ACTION BY ASSIGNEE OF BOND—ANSWER.

In an action on a bond secured by a mortgage on premises which the mortgagors have conveyed subject to the indebtedness, an answer alleging that plaintiffs extended the time of payment by agreement with the grantees was insufficient as a defense, in the absence of an allegation that there was consideration for such agreement, or that the equity of redemption was at that time worth the amount of the indebtedness.

6. PLEADING—DEMURRER—PLEADING GOOD IN PART—STRIKING OUT REDUNDANT MATTER.

Where allegations of an answer sufficient to constitute a defense are repeated by reference in a separate defense, and are not material to the new matter, they should be stricken out as redundant, before such separate defense can be tested by demurrer.

7. MORTGAGES—CONVEYANCE OF PREMISES SUBJECT TO MORTGAGE—LIABILITY OF MORTGAGOR—DISCHARGE.

In an action on a bond secured by a mortgage on premises which have been conveyed subject to the mortgage, it is no defense that the grantees of the mortgaged premises did not pay the taxes and assessments levied against the same or the interest on the bond and mortgage, that thereby the value of the property as security was greatly decreased, and that plaintiffs failed to bring an action until about 18 months after the indebtedness became due, where the mortgagor has not made demand that such action be brought.

Appeal from Special Term.

Action by Samuel Wiener against Solomon Boehm and others. From a judgment overruling plaintiff's demurrer to certain separate defenses interposed by defendants, he appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edward W. S. Johnston, for appellant.

Harry L. Haas, for respondents.

LAUGHLIN, J. The first count of the complaint alleges a cause of action on a bond executed by the defendants jointly and severally to one Samuel Jackson on the 21st day of April, 1905, whereby they promised to pay the sum of $4,500, with interest thereon, on the 21st day of October, 1906, which bond was assigned to the plaintiff on the day payment thereof became due. The second count is on a similar cause of action, the only difference being that the bond on which that cause of action is founded was conditioned for the payment of $4,000. The respondents for the first defense to the first cause of action in their amended answer admitted the execution of the bond and nonpayment by them, but put in issue the assignment thereof and the allegations with respect to the demand of payment.

The respondents, "for a second, separate, and distinct answer and defense" to the first cause of action, alleged, in substance, that the bond was secured by a mortgage on premises, which are described, owned by the respondents and the defendant Henry Mayer; that

thereafter, and on the 30th day of June, 1906, the defendants who executed the mortgage conveyed the premises "subject to the said indebtedness secured by said mortgage," and their grantees entered into possession; that thereafter, and on the day the indebtedness became due, their grantees paid the same in full, together with interest, and the indebtedness was thereby discharged. It seems quite clear that these facts constitute a good defense. As between the grantors and the grantees, the premises became the primary fund for the payment of the indebtedness evidenced by the bond and secured by the mortgage. Payment by the grantees, whose title was subject to be divested by foreclosure of the mortgage, inured to the benefit of the respondents. It is not expressly alleged that the indebtedness was paid to the plaintiff, or that it was paid before the assignment of the bond to the plaintiff, but the allegations are sufficient to admit proof upon the trial to show that the payment was made to the party entitled to receive the money. It follows, therefore, that the demurrer to this defense was properly overruled.

In the four other separate defenses, specified as "Third," "Fourth," "Fifth," and "Sixth" separate answers and defenses, the respondents repeat, by specific reference, all of the allegations contained in the defense specified as "Second," which, as already observed, is good. The decisions of the courts have not been uniform with respect to the question as to whether a general denial or denials of allegations essential to the plaintiff's right to recover repeated in a separate defense, or the repetition, by reference, of allegations constituting a good defense in a separate defense setting forth new matter, which, standing by itself, would not constitute a defense, protects the new matter against demurrer. It is important to the legal profession and to the courts to have the rule settled, but which, whether it be settled in the affirmative or in the negative, is not so important, for it will be understood that such reiteration of denials or such repetition of a good defense precludes testing by demurrer the sufficiency of the new matter presented by the defense into which such denials or preceding defense are incorporated—then it will be understood that the remedy is to strike out as redundant the denials or defense thus repeated if it be not material to the additional defense attempted to be interposed by the new matter. This rule has certain advantages, provided the courts on motions to strike out such matter as redundant bear in mind the importance of eliminating such denials and repetitions where not material and necessary to render the new matter available or to constitute it a complete defense, to the end that the sufficiency of the defense sought to be interposed by the new matter may be decided on demurrer. The question of the materiality of denials to the new matter interposed as a defense may well be determined on motion to strike out such denials as redundant. So, too, with respect to repeating allegations contained in another separate defense. It is sometimes proper to incorporate denials or allegations by reference without repeating them at length. The new matter might be insufficient to constitute a defense, but with the denials or allegations thus repeated the new matter may present an additional defense not embraced in the preceding defense. Repeating in a succeeding defense allegations con-

tained in a preceding defense which are material and essential to the new matter in the succeeding defense by reference, instead of repeating the allegations in hæc verba, is often more convenient and desirable, for it tends to bring about conciseness and credit in pleading which is desirable where the allegations sought to be repeated may thus be clearly and definitely pointed out; but, where the allegations sought to be repeated cannot be thus identified with definiteness or without including immaterial allegations, it is bad practice. It follows that all of the separate defenses to which the demurrer relates are sufficient. It is proper to observe, however, that all of the alleged defenses should have been incorporated in one, for they merely present the plea of payment by the grantees of the mortgaged premises, while the lands which they held were, as between them and their grantors, subject to be appropriated primarily to the payment of the indebtedness secured by the mortgage and upon which this action is founded. Many of the allegations in the succeeding alleged separate defenses might properly have been incorporated in the first defense, presenting the plea of payment, but they merely enlarge upon and set forth more fully what took place between the parties with respect to an attempt to continue in full force and effect the bond and mortgage. It is alleged in the "Third" separate defense, in substance, that at the time of the payment of the indebtedness by the grantees of the mortgaged premises, instead of having the mortgage discharged of record and the bond canceled, they fraudulently caused both to be assigned to the plaintiff without consideration, and that he holds the same as their agent, and has no personal interest therein. The only new matter set up in the "Fourth" defense is that the plaintiff, without the knowledge or consent of the respondents, extended the time of payment by an agreement with the grantees of the mortgaged premises. No consideration for such agreement is alleged, nor is it alleged that the equity of redemption was at that time worth the amount of the indebtedness which would be essential to release the defendants. Matter of Piza, 5 App. Div. 181, 38 N. Y. Supp. 540. The new matter, therefore, standing alone would constitute no defense. Inasmuch as the allegations repeated by reference in that defense were not material to the new matter, they could have been stricken out as redundant, and then the sufficiency of that defense might have been tested by demurrer. The only new matter attempted to be presented by the "Fifth" alleged separate defense is that the grantees of the mortgaged premises did not pay the taxes and assessments levied against the same, or the principal or interest on the bond and mortgage, and that thereby the value of the property as security for the indebtedness was greatly decreased, and that these acts were wrongful and fraudulent as against the respondents and released them from liability. This new matter likewise is insufficient, for there was no legal obligation on the part of the grantees of the mortgaged premises to pay the taxes and assessments or the principal or interest secured by the bond and mortgage, and there was no legal or equitable obligation on the part of the plaintiff on the facts shown to commence the action sooner than he did or to foreclose the mortgage. This action was commenced on the 11th day of October, 1907, or about 18 months after the in-

debtedness became due and payable. Doubtless the plaintiff, assuming that the indebtedness had not been paid could have been compelled to foreclose the mortgage and to have applied the proceeds to the payment of the indebtedness before suing on the bond on account of a contract between the grantors and grantees of the mortgaged premises, to which he was not a party, by which the land became primarily liable for the debt, under the well-settled rule that a surety may be discharged on the failure of the creditor to proceed against the principal debtor, to his damages, which rule has been applied to cases of this kind, even where the indebtedness is not assumed by the grantee of the mortgaged premises (Remsen v. Beekman, 25 N. Y. 552; Gottschalk v. Jungmann, 78 App. Div. 171, 79 N. Y. Supp. 551), but he was under no obligation to proceed until the respondents demanded that he bring an action to foreclose the mortgage, and the defense would not be good without showing such demand and damages resulting from the failure to comply therewith (De Caumont v. Rasines, 38 App. Div. 153, 56 N. Y. Supp. 652; Remsen v. Beekman, supra). The new matter contained in the "Sixth" alleged defense consists of additional allegations with respect to the nonpayment of taxes, assessments, interest, and principal, and the failure to pay the interest upon a prior mortgage, which on account of such failure was foreclosed. Some of the observations already made apply equally to this new matter, and render further discussion thereof unnecessary.

The several separate defenses to the second cause of action, the sufficiency of which are presented by the demurrer, are to the same effect as those already considered; the only difference being that they relate to the second cause of action, but there is no difference in legal effect.

It follows that the interlocutory judgment should be affirmed, with costs. All concur.