COHEN et al. v. HECHT et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. DISCOVERY (§ 61*)—ORDER FOR EXAMINATION—PARTIAL IMPROPRIETY—EFFECT.

An ex parte order for an examination of plaintiffs should have been modified, and not vacated, on it appearing that the order was too broad, but that defendant was entitled to an examination on one point.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. § 61.*]

2. MORTGAGES (§ 283*) — FORECLOSURE — DEFICIENCY — LIABILITY OF FORMER OWNER.

Mortgaged lands being the primary fund for the payment of the debt, an agreement between the mortgagees' assignees and the mortgagor's successors extending the time of payment releases the mortgagor's personal liability to the extent of the value of the land when the extension was granted, and he was thereafter liable, not for any deficiency on foreclosure,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

but the difference between the indebtedness and the value of the land when the agreement was made.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 756, 757 ; Dec. Dig. § 283.*]

3. DISCOVERY (§ 38*)—ORDER FOR EXAMINATION—RIGHT TO.

Lands were conveyed indirectly to plaintiffs' husbands, subject to a mortgage. Plaintiffs, being assignees of the mortgage, sued to foreclose, and the mortgagor claimed that the assignment was made when the husbands owned the fee, and that plaintiffs, without his consent, made an agreement with their husbands extending the time for paying the debt. *Held*, that if the mortgagor's liability cannot be determined in the action the extension is a complete defense, and that if it can be determined the extension materially affects his liability, entitling him to an order for the examination of plaintiffs on that issue.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 38.*]

Appeal from Special Term.

Mortgage foreclosure action by Esther Cohen and another against Ferdinand Hecht and others. From an order vacating an order for plaintiffs' examination, defendant Hecht appeals. Reversed, and motion to vacate the order denied.

Argued before PATTERSON, P. J.; and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Benjamin G. Paskus, for appellant.

Joseph Kauffman, for respondents.

LAUGHLIN, J. The order for the examination of plaintiffs was too broad, but on one point the appellant was entitled to examine them. The order should therefore not have been vacated, but should have been modified.

The appellant executed a bond and a mortgage on real estate to secure payment of the indebtedness. The bond and mortgage were assigned to plaintiffs, who brought this action to foreclose the mortgage and to hold appellant liable for any deficiency. After executing the bond and mortgage the appellant conveyed the premises "subject to" the mortgage, and his grantee thereafter conveyed them to the husbands of plaintiffs. The assignment to the plaintiffs is alleged by appellant to have been made at a time when their husbands owned the fee. The appellant alleges as a separate defense that plaintiffs, without his knowledge or consent, entered into an agreement with their husbands whereby the time for paying the indebtedness secured by the mortgage was extended. Inasmuch as the land, in the circumstances, constituted the primary fund for the payment of the debt, the liability of the appellant was released to the extent of the value of the land at the time the extension was granted, and he was thereafter liable not for any deficiency arising on the foreclosure, but for the difference between the indebtedness and the value of the land when the agreement for the extension of time was made, which is alleged to have been greater than at the time of the foreclosure. Murray et al. v. Marshall, 94 N. Y. 611; Matter of Piza, 5 App. Div. 181, 38 N. Y. Supp. 540; Wiener v. Boehm, 126 App. Div. 703, 111 N. Y. Supp. 126.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It was intimated, if not held, in Matter of Piza, supra, that on this changed liability the obligor could not be held in the foreclosure action. It is not necessary to decide that question now; for if his liability cannot be determined in this action, then the extension is a complete defense, and even if it can be determined in this action the extension materially affects his liability, and that is sufficient to authorize the order for the examination of the plaintiffs on that issue. See Hart v. Chase, 67 App. Div. 445, 73 N. Y. Supp. 957.

No other material issue is presented by the answer of the appellant requiring the examination of plaintiffs.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of plaintiffs should be denied, without costs; but the order should be modified, by confining the examination to the issue presented by the allegations with respect to the extension of time of payment. All concur.