# THE

# NEW YORK SUPPLEMENT

## VOLUME 145

UNION BANK OF ·BROOKLYN v. RUBINSTEIN et al.

(Supreme Court, Appellate Division, First Department. January 9, 1914.)

Appeal from Special Term, New York County.

Action by the Union Bank of Brooklyn against Rubin Rubinstein and others. From a judgment for plaintiff and an order denying his motion for leave to reopen the case after decision (78 Misc. Rep. 461, 138 N. Y. Supp. 644), defendant Rubinstein appeals. Affirmed.

See, also, 78 Misc. Rep. 465, 138 N. Y. Supp. 647.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

.Henry Golday, for appellant.

Rufus O. Catlin, of Brooklyn, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

LAUGHLIN, J. (dissenting). By the judgment herein foreclosing a second mortgage, the appellant is adjudged liable on his bond for any deficiency. He pleaded that on the 10th day of September, 1909, when the indebtedness became due, the market value of the premises was more than adequate security for the indebtedness, and that on the 18th day of February thereafter the plaintiff as mortgagee, without the knowledge or consent of appellant and the then owner of the premises, who had taken the same subject to but had not assumed the mortgage, entered into an agreement whereby the amount of the first mortgage was increased in the sum of $3,000, on a payment to apply·on plaintiff's mortgage of only $375, and that this transaction terminated the appellant's liability, and that appellant is not indebted to the plaintiff in any sum whatever or liable for any deficiency.

It is not *expressly* alleged in the answer that at the time the extension agreement was made, the premises were adequate security for the mortgage debt; but from the facts alleged, as already stated, that was fairly to be inferred. Where a grantee of mortgaged premises assumes and agrees to pay the mortgage, the mortgagor is ipso facto wholly released from liability on his bond by any extension of time for the payment of the debt secured by the mortgage without his consent (Paine v. Jones, 76 N. Y. 274; Calvo v. Davies, 73 N. Y. 211, 29 Am. Rep. 130; In re Pisa, 5 App. Div. 181, 38 N. Y. Supp. 540); and, if the grantee does not assume the mortgage, then the mortgagor is re-

145 N.Y.S.—1

leased to the extent of the value of the premises at the time the extension was granted (Murray v. Marshall, 94 N. Y. 611; In re Pisa, supra). It is not expressly alleged in the answer that at the precise date of the extension agreement the premises were adequate security for the mortgage debt; but that fact might fairly be inferred from the fact that the plaintiff, on this comparatively small payment to apply on its mortgage, consented to an increase of the lien of the first mortgage to the extent of $3,000. In Murray v. Marshall, supra, the Court of Appeals inferred from the making of a payment by the owner, who had not assumed the mortgage, as a condition of obtaining the extension, that the premises must have been regarded as worth more than the mortgage, and affirmed a judgment releasing the mortgagor from liability, although he had only alleged the extension without his consent, and had neither pleaded nor proved the value of the premises at that time, and the trial court, without making any finding as to such value, had predicated the judgment solely on the payment and the extension. Here, the act of the plaintiff in thus agreeing to the subordination of its mortgage to the increased amount of the first mortgage was, as was said by the Court of Appeals in Murray v. Marshall, supra, of the payment by the owner of the equity of redemption, in effect an admission by plaintiff that the value of the land then exceeded the indebtedness on the two mortgages.

Moreover, the only authority to grant a personal judgment for a deficiency in foreclosure is that conferred by statute (Rutherford v. Cook, 198 N. Y. 29, 90 N. E. 1112; Frank v. Davis, 135 N. Y. 275, 31 N. E. 1100, 17 L. R. A. 306; Equitable Life Assurance Society v. Stevens, 63 N. Y. 341), and it is limited to a judgment against those liable for the *entire* deficiency (Code Civ. Proc. § 1627, subd. 1, and section 1628. See, also, In re Pisa, supra, and Cohen v. Hecht, 128 App. Div. 511, 112 N. Y. Supp. 809). Since, presumptively, appellant was liable to plaintiff for the payment of the *debt* secured by the mortgage, he was doubtless properly joined as a defendant; but on proof of a valid extension of time of payment of such debt without his consent, and of a subordination of the mortgage to such increase of the first mortgage, he established a defense to his liability for the *entire* debt and for the entire amount of the deficiency, and his liability was, at most, limited to the excess of the deficiency, if any, over and above the value of the premises when the extension was granted. Those facts, I think, constitute a complete defense to his liability at all in the foreclosure action. His liability, then, depended on a question of fact not material to any issue presented in that action, and which should, if necessary, be determined in an action on the bond when the mortgagor would be entitled, as matter of right, to a jury trial of the question with respect to the value of the premises at the time the extension was granted. See In re Pisa, supra, and Cohen v. Hecht, supra.

Furthermore, in any event, the court erred in not releasing appellant to the extent the first mortgage was increased. Instead of that, the court deducted from the $3,000 all payments made to apply on the mortgage in question, including that made at the time the exten-

sion was granted, and thus determined that the plaintiff was entitled to be released only to the extent of $2,312.50, which is, in effect, applying on the first mortgage the payment made on the second, although the premises must be sold subject to the first mortgage, thus increased $3,000 over the amount secured thereby when appellant executed the bond and second mortgage. After the case was submitted the trial court handed down a memorandum opinion, holding that the value of the premises at the time the extension was granted had not been shown, and awarding the foreclosure judgment. Appellant then employed other attorneys who promptly moved to open the case to supply further evidence on that point, and presented an appraisal by a well-known expert, showing that the premises were, at the time the extension was granted, adequate security for both mortgages before the amount of the first was increased with the consent of the plaintiff, and asked that the answer be amended by specifically alleging such value. If the amendment and proof were necessary to appellant's defense, the motion should have been granted.

I, therefore, vote to reverse both judgment and order.