FREDERICK E. FEIGENBAUM, Plaintiff, *v.* EDWARD HIZNAY, ARANKA HIZNAY, His Wife, HOWARD PARKES, MAUD M. PARKES, His Wife, et al., Defendants.

(Supreme Court, Bronx Special Term for Trials, July, 1918.)

Mortgages — foreclosure of — conveyance subject to — extension of time of payment — when release to mortgagors depends upon value of property at time of extension — pleading — evidence.

Where premises were conveyed subject to a mortgage which the grantee did not assume and after the maturity of the mortgage the time of payment was extended by an agreement between the mortgagees and grantee, the mortgagors are not

released from liability unless at the making of the extension agreement the property was worth the amount of the mortgage.

Though in an action to foreclose the mortgage the answer of the mortgagors contained no allegation as to the value of the property, both parties litigated the question whether the mortgagors were released, and the plaintiff neither raised the point as to the insufficiency of the answer nor moved for judgment on the pleadings at the end of his case or that of the defendant, not only was the question of pleading waived but upon a finding based upon documentary evidence and the inferences properly drawn therefrom that the property at the time of the making of the extension agreement was worth the amount of the mortgage, the pleadings will be deemed amended to conform to the proof, and defendants' failure to object to the sufficiency of the complaint prevents them from claiming such insufficiency.

The fact that simultaneously with the original mortgage of $4,200, the one in suit, the property was conveyed subject thereto and also to an additional purchase-money mortgage of $900, was some evidence that the property was worth the amount of the mortgage at that time, and in view of the presumption of the continuance of the state of facts once shown to exist it will be assumed, in the absence of other evidence, that the property had that value at the time the mortgage was extended, and in an action to foreclose the mortgage the complaint, so far as judgment for a deficiency was demanded against the defendant mortgagers, must be dismissed upon the merits.

ACTION to foreclose a mortgage.

Randolph M. Newman (Alexander Pfeiffer, of counsel), for plaintiff.

Banton, Ferguson & Moore (Leslie C. Ferguson, of counsel), for defendants.

OTTINGER, J. This is an action to foreclose a mortgage and also for a deficiency judgment against the defendants Hiznay, the obligors upon the bond, who subsequently conveyed the property which by various conveyances has finally come into the ownership of the defendants Parkes. The grantees took subject to, but did not assume, the mortgage. The defendants

Hiznay claim to have been released from liability by virtue of an extension agreement, made without their consent, between plaintiff and Parkes after the maturity of the mortgage. It is of course well settled that under such circumstances they were not absolutely released unless at the time of the extension the property was worth the amount of the mortgage. *Murray* v. *Marshall,* 94 N. Y. 611. It is claimed that their answer was insufficient to raise the question because it contained no allegation as to the value of the property. Citing *Wiener* v. *Boehm,* 126 App. Div. 703, 707. But the answer in *Murray* v. *Marshall, supra,* was devoid of the same allegation and yet judgment resulted for the defendant. However, the record of the trial shows that both parties litigated the question whether or not defendants were released, the plaintiff neither raising the point of the insufficiency of the answer, nor moving for judgment on the pleadings, nor at the end of his case, nor of defendant's case. Under such circumstances not only is the question of pleading waived, but if, as I find, the property at the time of the extension was worth the amount of the mortgage the pleadings will be deemed amended to conform to the proof. On the other hand, as urged by plaintiff, defendants' failure to object to the sufficiency of the complaint prevents them from now claiming such insufficiency. While no oral testimony was given upon the question of value, the documentary evidence and the inferences properly drawn therefrom show that the property was in January, 1917 (the date of extension), worth the amount of the mortgage. The documents and the complaint show the following facts, viz.: By deed acknowledged August 5, 1913, defendants Hiznay conveyed the property to Edward Parkes subject to a mortgage of $4,200, and also to an additional purchase money mortgage for $900. On the same day the bond and mort-

gage in question (for $4,200) were dated and acknowledged, the three instruments being evidently executed as part of one transaction. The mortgage, by its terms, matured on August 5, 1916. It was an installment mortgage, calling for three installments of $150 each on January 1 of 1914, 1915 and 1916, and two installments of the same amount on July 1, 1914 and 1915. None of these installments was ever paid, and no foreclosure was begun, although authorized by the mortgage for non-payment of any installment. In January, 1917, the extension agreement was made, calling for installments of $10 each every month beginning February 1, 1917, and the balance on December 1, 1918. Only five of these installments were paid, but despite these defaults no action was begun until March of this year. The fact that simultaneously with the original mortgage of $4,200 the property was sold for $5,100 and a cash consideration is certainly some evidence that it was worth the amount of the mortgage at that time. And in view of the presumption of the continuance of a state of facts it must, in the absence of other evidence, be assumed that it still had that value in January, 1917, when the mortgage was extended. It is of course unnecessary to point out that in the absence of other evidence presumption takes the place of proof; and the particular presumption here indulged in is of such frequent application upon numerous subjects that it is unnecessary to multiply instances. In this case, however, the presumption is powerfully aided by the fact that notwithstanding five successive breaches of the condition of the mortgage, for any one of which it could have been foreclosed, no action was taken. The failure so to act is inexplicable upon any other theory than that plaintiff always regarded the property as worth the face of the mortgage. The

situation is accentuated by plaintiff's failure to foreclose for the breaches of the extension agreement as to installments provided for by its terms. Indeed, under the circumstances the making of the extension agreement of itself raises a presumption that the property was at that time worth the amount of the mortgage, for by the terms thereof the present owner of the property (another man by the name of Parkes) agreed to pay the amount thereof, for which he was theretofore not liable, and in face of the previous defaults on the original mortgage. And the mortgagee who under these circumstances was satisfied to extend the mortgage and exact such small installments as $10 a month must have taken the same view, for it may fairly be assumed that his knowledge of the several breaches of the old mortgage must have led him to inquire into the value of the property before agreeing to the extension. In *Murray* v. *Marshall, supra,* the court held that the mere fact that the grantee paid off part of the mortgage when obtaining the extension " is unexplainable except upon the theory that he deemed the land worth more than the mortgage. \* \* \* *It is an act which speaks as plainly as if he had said and the court had found that he had said that the land exceeded in value the amount of the mortgage."* 94 N. Y. 617. In the case at bar the grantee agreed immediately to begin reducing the mortgage, and the same inference results. It is emphasized, from plaintiff's standpoint, by his willingness to extend after many breaches of the mortgage — a circumstance which, so far as I have been able to ascertain, was not present in any other decided case bearing upon the same subject. Surely after these numerous defaults plaintiff could not have placed much reliance upon the bond and must have looked not merely in a legal sense, but from a practical standpoint as well, primarily to the property

as his security. Having reached the foregoing conclusion as to value it is unnecessary to consider the interesting question whether the burden of proof is upon plaintiff or defendant; for, even if the latter be the rule, such burden is always sustained by a presumption until it is overcome. Familiar instances are the burden of proving negligence, which may, in certain cases, be upheld by the presumption of *res ipsa loquitur;* the burden on the proponent of a will of proving sanity, which is sustained by a presumption of sanity, and many others. Plaintiff urges that the case of *Union Bank of Brooklyn* v. *Rubenstein,* 160 App. Div. 919; affd., 216 N. Y. 766, is conclusive in his favor. While there are expressions in the opinion of the learned justice at Special Term favorable to the plaintiff, the affirmance was merely without opinion, and therefore means nothing more than that upon the findings of fact appearing in that record the judgment was correct. *Rogers* v. *Decker,* 131 N. Y. 490. I have carefully examined the case on appeal therein, and it shows that no finding of fact was made or requested upon the question of the value of the property, and the motion to reopen the case for the purpose of introducing evidence on that point shows that the question of presumptions was not raised therein. That case certainly constitutes no adjudication overruling *Murray* v. *Marshall, supra,* which authorized the question of value to be determined upon inferences or presumptions; nor does it indicate that upon facts such as appear in this record the finding as to value would not have been made. At the conclusion of the trial herein the court, at the request of plaintiff's attorney, stated that no further evidence would be received, and that the case was closed for all purposes. For the foregoing reasons I conclude that plaintiff is entitled to the usual judgment of foreclosure and sale, but that in so far as

judgment for a deficiency is demanded against the defendants Hiznay the complaint must be dismissed on the merits, with costs.

Judgment accordingly.