ISRAEL A. SIMON, Plaintiff, *v.* BANK OF BRITISH WEST AFRICA, LIMITED, Defendant.

(Supreme Court, New York Special Term, July, 1919.)

Pleading — defective defense — sufficiency of defense cannot be tested by demurrer.

 Where each of six separate defenses begins "Defendant repeats and realleges the foregoing allegations of this answer with the same force and effect as if more fully set forth herein and pleaded, and further alleges," etc., the effect is to incorporate, by reference, into each of said defenses, all the preceding matter alleged in the answer, and where much of the matter so incorporated has no connection whatever with the subsequent defense sought to be pleaded, the sufficiency of any of said defenses cannot be separately tested by demurrer.

MOTION to strike out irrelevant matter in defense.

Leonard M. Wallstein, for motion.

Albert Edward Maves, opposed.

HENDRICK, J.    This motion is granted as herein-
after indicated.    The words " representing that the
said draft would be honored by the said Levant
Company " are not stricken out.

Paragraphs 9, 11, 15, 18, 23 and 26 of the answer
are the beginnings of six separate defenses, and each
starts with the statement, " Defendant repeats and
realleges the foregoing allegations of this answer with
the same force and effect as if more fully set forth
herein and pleaded, and further alleges," etc.

The effect of these paragraphs is thus to incor-
porate by reference into the second, third, fourth, fifth,
sixth and seventh defenses all the preceding matter
alleged in the answer.    Much of the matter thus incor-
porated has no connection whatever with the subse-
quent defense sought to be pleaded.    It is therefore
impossible to test by demurrer the sufficiency of any
one of these defenses separately.

This method of pleading has been repeatedly and
emphatically condemned by the Appellate Division of
this department.    *Wiener* v. *Boehm,* 126 App. Div. 703;
*Pullen* v. *Seaboard Trading Co.,* 165 id. 117; *Reck-
nagel* v. *Steinway,* 58 id. 352; *Stemmerman* v. *Kelly,*
122 id. 669.

The effect of this style of pleading is illustrated in
the present case by an example which applies to all
of the separate defenses above mentioned.    The fifth
defense pleads allegations of a failure of consideration
in the retaking of the goods or documents.    There is
nothing in the preceding four defenses which is neces-
sary to complete this defense, and yet the defendant,
in paragraph 18, repeats and realleges the foregoing

allegations of his answer in plain violation of the principles set forth in the above cited cases. Those preceding paragraphs thus incorporated into this new defense are not material to it. They incorporate into this defense of a failure of consideration the seventeen preceding paragraphs of the answer, which constitute other defenses, and have no materiality to the defense of failure of consideration. Certainly the giving of the letter of credit, the presentation of the draft and documents, " that the plaintiff is not a holder in good faith," " in due course or for value," " that the plaintiff is not a holder for value," while allegations that may be material to other defenses pleaded have no relevancy to a failure of consideration. By incorporating the preceding allegations of the answer in this separate defense, seventeen different allegations of fact stated in the answer are incorporated, not one of which has any relevancy to the defense sought to be pleaded.

I have spoken at length in relation to the vice which permeates this pleading to emphasize, if possible, the repeated condemnations of the Appellate Division, in the hope that the court at Special Term may be relieved of some of the numerous motions that are being repeatedly made to correct pleadings which offend against the rule so frequently announced by the Appellate Division, and which is reiterated at almost every term of the court at which those motions are made.

The motion to strike out is denied as to paragraph 8, and is granted as to paragraphs 9, 10, 11, 13, 14, 15, 17, 18, 22, 23, 25 and 26.

The defendant is required to make more definite and certain what allegations are referred to by the word " premises " in paragraphs 5, 7, 17, 22 and 27 of the answer. The word as used may apply only to the facts

stated in the immediate context or may refer to all of the statements of fact in the answer.

The defendant is permitted to serve a new answer within twenty days after notice of entry of the order herein, which shall separately and clearly state the facts constituting each separate defense, upon the payment of ten dollars costs.

The plaintiff's time to reply, demur or make any motion with respect to said answer or amended answer is extended until twenty days after the service of the amended answer hereby permitted.

Ordered accordingly.