THE PEOPLE *ex rel.* Adela M. Son *vs.* WILLIAM MINER, Register, &c.

Where a mortgage is made to executors, as such, and the money is payable to them and their survivors and successors, one of such executors may receive payment and satisfy the mortgage, on the record, as well as all; and it is the duty of the register, in such a case, to file and enter the satisfaction. And upon his refusal, a mandamus will lie.

In case of a mortgage executed in that form, there can be no pretense that the mortgagees hold in a personal capacity. They are estopped from making such a claim.

The People *v.* Miner.

The register has no right to require the person producing the satisfaction to prove a negative; viz. that the mortgagees are not trustees of an express trust, by producing and filing a certified copy of the will under which the authority is claimed for one executor to acknowledge satisfaction of such mortgage. *Per* LEONARD, J.

THIS case came before the court on an appeal from a judgment of the special term, upon demurrer to the return of the defendant to an alternative mandamus, commanding him, as register of the city and county of New York, to file a satisfaction-piece of a certain mortgage, and to cancel the mortgage of record, or show cause, &c. The mortgage referred to was made by the relator to David P. Cargill, Valentine Cargill and Robert Prince, executors of the last will and testament of Abraham Cargill, deceased, and the money was made payable to them, " their *survivors* or *survivor*, or their assigns." The mortgage was given to secure the payment of a part of the purchase money for the premises described in said mortgage. The satisfaction-piece was executed by Robert Prince, one of said executors, described therein as acting executor.

The decision at special term is reported, 32 *Barbour*, 612.

The defendant, in his return, did not put in issue any of the facts set forth in the writ, but merely referred to the statute authorizing him to discharge the record of a mortgage ; and then set forth that the mortgage referred to was executed to three mortgagees, viz. David P. Cargill, Robert Cargill and Robert Prince, described as executors of the last will and testament of Abraham Cargill, deceased, and that no certificate or satisfaction, pursuant to the statute, had been presented to him.

*Harris Wilson,* for the relator, (appellant.) I. The mortgage in question was made to three. executors, any one of whom had full power to dispose of or satisfy the same. (1st.) Executors are considered in law as one person, and each has full power over the personal estate of the decased.

(*Sanders' Heirs* v. *Sanders' Ex.*, 2 *Litt.* 315. *Bryan's Ex.* v. *Thompson's Adm.*, 6 *J. J. Marsh.* 586. *Stuyvesant* v. *Hall*, 2 *Barb. Ch. R.* 151. *Wheeler* v. *Wheeler*, 9 *Cowen*, 34.) (2d.) A satisfaction-piece, acknowledged by one of several executors, is sufficient to discharge a mortgage given to the testator, and to authorize the cancellation of the mortgage. (*Stuyvesant* v. *Hall, supra.*) (3d.) The proceeds of real estate directed by will to be sold, are regarded as personal estate, subject to the control of the executors. (*Stagg* v. *Jackson*, 1 *Comst.* 206, *and cases cited. Arnold* v. *Gilbert*, 5 *Barb.* 190, *and cases there cited.*) (4th.) Where executors sell the real estate of their testator, pursuant to the authority in the will, and receive in their joint names a bond and mortgage for a part of the purchase money, an assignment of the bond and mortgage by one of the executors without the assent of the other is valid. (*Bogert* v. *Hertell*, 4 *Hill*, 492.) Much more a satisfaction-piece executed by one of them upon payment of the mortgage in good faith. (5th.) The mortgage in question was clearly held by the mortgagees in their representative character, and not as individuals. The case of *Peck* v. *Mallams*, (10 *N. Y. Rep.* 509,) cited in the opinion of the judge who decided the case at special term, is "*sui generis*," and does not sustain the assumption in support of which it was cited. In that case the bond was payable to the obligee *individually*, and to his *personal* representatives ; it was in reality a bond to a party in his individual capacity, though named executor in the commencement of the obligation.

II. But if there could exist a doubt as to whether the mortgagees held as executors, they were at all events joint obligees, and as such any one of them was empowered to receive payment of and to satisfy and release the obligation. The rule of law is, that every act done by one joint tenant or obligee, for the benefit of him and his companions, shall bind the others, but no *injurious* act of one joint tenant alone shall prejudice his companions. The receipt of payment is

The People *v.* Miner.

a beneficial act, as it relieves from the obligation to sue. (*Warder* v. *Arell*, 2 *Wash. Va. R.* 282. *Wallace et al.* v. *Kelsall*, 7 *Mees. & Wels.* 264. *Dyckman* v. *The Mayor &c.*, 1 *Seld.* 434. *Rabe* v. *Tyler*, 10 *S. & M.* 440. 3 *Bac. Abr.* 203 *&c.*, *Joint Tenants, H.* 5 *id.* 10, *Tender, E. Chit. on Cont.* 795. *Hertell* v. *Bogert*, 9 *Paige* 52–58.)

III. The facts set forth in the alternative mandamus are such as would entitle the relator to the relief asked for; being admitted, such relief must necessarily be granted. (1st.) An alternative mandamus is in the nature of a declaration; the title of the relator must be fully stated therein, and in such form that the facts may be admitted or denied. The defendant must either admit the facts stated in the writ, or show other facts sufficient to defeat the relator's claims. (*Commercial Bank of Albany* v. *Canal Commissioners &c.*, 10 *Wend.* 25, 30–32. *The People &c.* v. *Ransom, sheriff &c.*, 2 *Comst.* 490, 496. *The People &c.* v. *Commissioners of Highways &c.*, 11 *How. P. R.* 89. *The People &c.* v. *Supervisors of Fulton*, 14 *Barb.* 52. *Cary's N. Y. Pr.* 288 *et seq.*) (2d.) It was conceded by the judge at special term, as stated in his opinion in this case, that the relator upon the facts shown was entitled to the relief sought for. Such being the case, the register was bound to know the law applicable to the facts, and satisfy the mortgage; having failed to put in issue any of the facts stated, or show any other facts to defeat the relator's claim, the return is no sufficient answer to the writ, and the plaintiff is entitled to judgment on the demurrer. (2 *R. S.* 581, 587, §§ 54 *to* 57.)

*R. H. Bowne*, for the respondent. I. The register has no power to discharge a mortgage, except that which is conferred by statute. The statute provides that the register can satisfy a mortgage on the production of the certificate of discharge, executed by *the mortgagee, his personal representatives or assigns*. And the statute imposes the penalty of fine and imprisonment, and makes the register liable for dam-

ages if he improperly cancel a mortgage. (3 *R. S.* 58, 5*th ed.* §§ 60, 66, 67.)

II. The mortgage set forth in the alternative writ is drawn to three persons, called " executors of the last will and testament of Abraham S. Cargill, deceased." The words are mere words of description, and it may well be that the mortgagees hold the mortgage in their own personal right. A mortgage given to " T. B., acting executor of the estate of T. T., deceased," was held, *prima facie*, to be the property of T. B. (*Peck* v. *Mallams*, 6 *Seld.* 509.)

III. The register acts under and by virtue of the statute, and his powers and duties are ministerial only. To request the register to cancel the mortgage executed to *two or more* mortgagees, called executors, when the discharge is signed by *one*, is to request him to decide : *First.* Whether the mortgage is the property of the mortgagees, or is the property of the estate of which they are called executors. *Second.* If he decides that the mortgage is the property of the estate, then he must decide whether the executors simply hold as executors, or as trustees of an express trust. If the latter, then the signatures of all are necessary. (*Hertell* v. *Bogert*, 9 *Paige*, 52.) In the case, (*supra*,) the chancellor held that where the mortgage was taken in the name of two or more executors, after the death of the testator, the legal title was vested in *all* the executors, and the signatures of *all* were necessary. The cause went to the court of appeals, (4 *Hill*, 492,) and the court held that the parties holding the mortgage held it as executors merely ; distinguishing their powers from those of trustees.

IV. The register has pursued in this case (as in all others for the last thirty years) the uniform course, to decline the filing of a certificate and discharge of a mortgage, unless the certificate complies with the statute. In view of the statute and its penalties, he will not be required to do otherwise. The register has no interest in the question further than to

The People *v.* Miner.

do his duty, acting in his official capacity, and in a manner usual in his office ; if he has erred, he will not be subjected to costs.

INGRAHAM, P. J. The relator applied for a mandamus directed to the register of the city of New York, commanding him to enter satisfaction of a mortgage given by her to three persons as executors, &c. The relator paid the money to one of the executors and received from him a satisfaction-piece of the mortgage, signed by himself alone, as executor. This satisfaction-piece was tendered to the register, who refused to file the same because it was not signed by all the executors. On the hearing of this motion at special term, the justice denied the motion for a mandamus. The relator appeals from that decision.

It was suggested that inasmuch as the register does not deny the matters set forth in the application, which show that as a matter of right the moneys due on the mortgage belonged to the estate of the testator, and states no facts to deny that the mortgage could be discharged by payment to either of the executors, therefore the court should grant the application for a mandamus. The respondent has placed himself simply upon his general duty in this matter under the statute, and I do not think a public officer should be required by mandamus to do any official act upon any of the technical rules which are applicable to pleadings, between parties who are supposed to be personally cognizant of the matters in controversy. Unless, therefore, the ground upon which the relator asks for the mandamus is free from doubt, and that without the presumptions which arise upon defective pleadings, the writ ought not to issue.

The real question therefore to be decided on this appeal is, whether a satisfaction-piece of a mortgage given for the proceeds of real estate sold by the executors under the authority conferred by the will of the testator, is valid when the same is executed by only one executor.

That such is the rule as to a satisfaction-piece executed by one executor, where such satisfaction-piece was held by the testator before his death, is conceded on this application, and is undoubtedly the law. (*Stuyvesant* v. *Hall,* 2 *Barb. Ch. R.* 151.) And such, I understand, is recognized in the uniform practice of the register's office. It is contended, however, on the part of the respondent, that a different rule is applicable to mortgages executed to two or more executors. That in such cases the register has no means of knowing whether the estate of the testator holds the mortgage, or whether it belongs to the executors as trustees or in their individual rights, and that he is therefore bound to require the satisfaction-piece of such a mortgage to be signed by all the parties named as executors.

It is not necessary to decide what the rule is in regard to trustees, nor in regard to persons who are merely described as executors in the mortgage, where the money is declared to be due to them or their personal representatives.

In the case of *Peck* v. *Mallams,* (6 *Seld.* 509,) it was held that a mortgage in the usual terms, except that in naming the parties the mortgage was described as made to the executor of an estate, was *prima facie* the private property of the mortgagee, and that in order to enable an administrator subsequently appointed, after the death of the executor, to collect such mortgage, he must prove that the mortgage belonged to the estate of the testator and not to the deceased executor. In that case it appears from the opinion of JOHNSON, J. that the mortgage moneys were payable to " the party of the second part, his certain attorney, heirs, executors, administrators or assigns ;" and the court held that on the face of the mortgage it appeared to be the property of the mortgagee, and if claimed by another, the personal representatives of the mortgagee were necessary parties. In the present case it is made payable to the survivor &c., and not to the personal representatives, and they would not have an interest such as is stated in the case cited.

Nor do I deem it necessary to discuss the question whether in the case of trustees, a payment to one, of moneys due on a mortgage, is not a valid payment and sufficient to discharge the mortgage. These questions may admit of discussion which it is unnecessary to enter into in the present case. That executors, as such, are considered as one person, and that each has full power to receive payment of the debts due to the testator, is well settled. (*Wheeler* v. *Wheeler*, 9 *Cowen*, 34.) And where it appears that the debt claimed was due to the estate, or for property belonging to the estate, which when collected would be assets, there seems to be no distinction in the rule. (7 *John. Ch.* 17. 10 *Bing. R.* 51. *Bogert* v. *Hertell*, 4 *Hill*, 492.) In the last cited case the bond and mortgage was payable, as in this case, to the mortgagees as executors, their survivors &c., and the court held that one executor might sell, receive payment and assign the mortgage, and that such a sale passed a complete title to the purchaser. The argument used by the counsel for the respondent in this case was relied on in the case of *Bogert* v. *Hertell*, but without avail. That case must be considered as settling two points; one, that executors in disposing of the estate of the testator are to be considered as one person, and that each has full power to dispose of the assets of the estate, to receive payments of debts due the estate and give proper discharges therefor. In the present case, the bond and mortgage shows upon its face that it was executed to the mortgagees as executors of this estate, and was for part of the consideration money of premises conveyed by them as executors, at the time of giving the mortgage; that it was payable to them as executors, and the survivor of them, &c., and not in any event to their personal representatives, so that in the case of death, the interest would pass to the survivors and not to the personal representatives.

I think from these facts there can be no doubt of the application of the rules above stated, and that one executor

possesses the same power to satisfy on record the mortgage as he has to sell, assign and receive payment of it. The only ground on which the respondent rests his refusal to satisfy the mortgage is, that the statute requires the satisfaction-piece to be executed by the mortgagees. We think this is substantially complied with when the mortgage to the executors is on property belonging to the estate, and one of the executors executes the same. It ought to be remembered, also, that the rule on which the respondent puts his case was one adopted long before the revised statutes, and at a time when the estate of a deceased person, on the death of the executor, passed to his executor, and when other rules also existed for the government of such trusts and the discharge of the duties of executors than those prescribed now by law. Such a bond and mortgage as this would belong to the estate of the testator, and not to the estate of the executor on his decease. The case of *Peck* v. *Mallams*, (6 *Seld.* 509,) before referred to, does not establish any contrary doctrine ; as in that case the bond and mortgage was payable to the legal representatives, and did not show that it would in any event belong to the estate.

We are therefore of the opinion that in cases where a mortgage is made to executors, as such, and the money is payable to them and their survivors and successors, and not to the personal representatives, one of such executors may receive payment and satisfy the mortgage on the record as well as all ; and that the register should in such a case file and enter the satisfaction.

The judgment rendered at special term should be reversed, and judgment ordered for the appellants ; and as the respondent has no defense in his return except the one passed upon on his appeal, we direct a peremptory writ of mandamus to issue. No costs are given to either party.

The People *v.* Miner.

LEONARD, J.   Where a bond and mortgage are made to certain persons as executors, and the money due is also payable to them, and the survivors or survivor, there can be no pretense that they hold in a personal capacity.   They are estopped from making such a claim.

It is also suggested that executors, taking a mortgage payable to themselves as executors and to their survivors, &c. for part of the consideration money of premises sold by them belonging to the testator, may hold as trustees of an express trust.

The question arises whether the register, before satisfying the record, or any other party transacting business with executors in respect to such a mortgage, must ascertain whether it is held by the mortgagees in the one capacity or the other.   It cannot be doubted that the legal title to such bond and mortgage is in the mortgagees as executors.   They would be so considered in all proceedings for foreclosure or collection.

The rule insisted on by the register requires the relator to prove a negative ; viz. that the mortgagees are not trustees of an express trust.   Perhaps it may be more properly stated that he requires the relator to produce and file a certified copy of the will under which the authority is claimed for one executor to acknowledge satisfaction of such mortgage.   The position assumed by the register denies to the mortgagees their right to occupy that relation to the bond and mortgage which the legal effect of these instruments permits or requires. He denies to the mortgagees the character of executors simply, without further proof.   In my opinion the register must accord to all parties the position and rights which attach to them, according to the legal effect of the representative character which they have assumed in the instruments recorded in his office.

He has no more right to insist upon having executors who are mortgagees under such a mortgage as the present one, produce a copy of the will under which they act, than he

would have to require them to produce evidence that they had not been removed.

I concur in the decision pronounced by the presiding justice.

CLERKE, J. also concurred.

[NEW YORK GENERAL TERM, May 5, 1862.   *Ingraham, Leonard* and *Clerke,* Justices.]