UNITED · STATES TRUST COMPANY of New York, as Substituted Trustee, etc., Respondent, *v.* PHILIP V. R. STANTON, Appellant, Impleaded and Others.

*Mortgage foreclosure — Statute of Limitations — burden of proof — admission against interest of a payment — when the words " executors and trustees" are merely descriptive.*

In an action brought to foreclose a bond and mortgage to which the defense of the Statute of Limitations is interposed, the burden of proof is upon the plaintiff to prove that the last payment of interest was made within the time fixed by the statute.

The admission of an obligee that a sum of money was paid as interest on a bond, when at the time at which it was made it was an admission against his interest, is competent evidence to prove the payment of such amount.

Upon the trial of an action brought on the 10th day of October, 1887, to foreclose a bond and mortgage, the defense interposed was the Statute of Limitations. A bond was put in evidence upon the trial, which bore an indorsement of the payment of interest dated October 23, 1867, and a witness was called who testified that he made the indorsement on that day ; that he received the money, not from the debtor, but from the obligee, and that he had no personal knowledge of the date when the obligee received the money from the debtor, and that for all he knew the obligee might have had the money for a year. The defendant was not put upon the witness stand.

*Held,* that the burden of proof was upon the plaintiff to prove that the last indorsement of interest was made later than October 10, 1867. (CULLEN, J., dissenting.)

That the evidence went no further than to prove that the payment was made on or previous to October 23, 1867, and was manifestly insufficient to remove the bar of the Statute of Limitations. (CULLEN, J., dissenting.)

That if any presumption ought to be indulged as to the time of payment it would be presumed that the interest was paid when due. (CULLEN, J., dissenting.)

That no presumption could be indulged in against the defendant because of · his failure to testify in his own behalf.

The complaint in such action alleged that the bond and mortgage were executed to Leveridge and Duryea, " executors of the last will and testament of Bowne, and trustees appointed in and by his last will," and that the plaintiff had been appointed trustee under the will of Bowne in place of Leveridge, deceased; and that by such appointment the bond and mortgage passed to the plaintiff. There was no allegation that the bond and mortgage were assets of the estate of Bowne, and no allegation that such will established any trust of personal property.

*Held,* that the words " executors and trustees," were only descriptive of the person ;

That the complaint failed to state a cause of action. (CULLEN, J., dissenting.)

APPEAL by the defendant, Philip V. R. Stanton from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of October, 1893, rendered upon the decision of the court after a trial at the Kings County Special Term.

This action was brought October 10, 1887, to foreclose a mortgage. The answer pleaded the Statute of Limitations and alleged that the bond and mortgage affected property of John Leveridge and Harmanus B. Duryea, and was not a part of the estate of Gilbert W. Bowne, deceased. It denied that any amount was due and unpaid upon the mortgage, and further alleged that the action was not prosecuted in the name of the real party in interest, and set up a counterclaim.

*Josiah T. Marean*, for the appellant.

*Edward W. Sheldon*, for the respondent.

PRATT, J.:

The burden was upon plaintiff to prove that the last indorsement of interest was made later than October, 1867. For that purpose was put in evidence the bond, which bore an indorsement dated October 23, 1867, and a witness was called who testified that he made the indorsement on that date. Further examined, he testified that he received the money, not from the debtor in the bond, but from the obligee, and that he had no personal knowledge of the date when the obligee received the money from the debtor.

Upon the question being put to the witness whether the obligee may not, at that time, have had the money for a month, he answers "he may have had it for a year for what I know."

The admission of the obligee that the eighty-seven dollars interest was paid, was at that time against his interest, and is, therefore, competent evidence to prove the payment.

Whether a statement of the obligee as to the time of payment, not being against interest, could be put in evidence, is a different question, but no such statement was made.

We are at loss to see that the proof goes any farther than to

prove that the payment was made at some time on or previous to October 23, 1867. That is manifestly insufficient to prove the bar of the statute.

The interest was due on May 1, 1867, and if any presumption can be indulged in as to the time of payment, it is probable that payment was made when due.

The court below felt the weight of these considerations, but, on the ground that the defendant did not personally offer to testify, gave judgment for plaintiff. We think this was error. If plaintiff desired defendant's testimony it should have called him. Where a transaction is so ancient a witness whose professional experience must have taught him the imperfection of human memory, may well hesitate to offer himself as a witness in his own behalf. We do not see that any presumption should from that be drawn against him.

The court below seemed to consider that the burden was on defendant to prove the payment was not within twenty years. We think that was error.

The complaint alleges that the bond and mortgage were executed by plaintiff to Leveridge and Duryea, " executors of the last will and testament of Bowne, and trustees appointed in and by his last will."

It further alleges that plaintiff has been appointed trustee under the will of Bowne in place of Leveridge, deceased, and the conclusion of law is alleged that by the appointment the bond and mortgage passed to the plaintiff.

There is no allegation that the bond and mortgage were an asset of the estate of Bowne. The words " executors and trustees " are only descriptive of the person. There is no allegation that the will established any trust of personal property.

The complaint, therefore, failed to state a cause of action in the plaintiff, and the motion made at the opening of the trial to dismiss the complaint should have been granted.

The judgment must be reversed, and as the cause, for reasons which have abundantly appeared on the former trials, is not one in which an amendment of the complaint should be granted, final judgment must be given for defendant, with costs.

DYKMAN, J., concurred.

CULLEN, J. (dissenting):

This is an appeal from a judgment of the Special Term for the foreclosure of a mortgage.

The complaint sufficiently averred title in the plaintiff. It alleged that the bond and mortgage in suit passed to the plaintiff as part of the estate of Gilbert W. Bowne under the order of the court appointing plaintiff trustee. The bond ran to Leveridge and Duryea, "executors of the last will and testament of Gilbert W. Bowne, deceased, and trustees appointed in and by said will," conditioned for payment to said Leveridge and Duryea and the survivor of them, their or his successors in office or assigns. Granting that the omission of the word "as" in the first portion of the instrument made the terms "executors and trustees" standing by themselves mere descriptive *personæ*, the condition of the bond that the payment was to be made to Leveridge and Duryea, their survivors and successors in office, clearly shows that the obligation ran to them in their representative capacity. (*People* v. *Miner*, 37 Barb. 466; *Beers* v. *Shannon*, 73 N. Y. 292.) The mortgage is of the same tenor. The case is, therefore, plainly to be distinguished from that of *Peck* v. *Mallams* (10 N. Y. 509).

It is conceded that the indorsement on the bond of the payment of interest was *prima facie* sufficient to take the claim out of the Statute of Limitations. But it is said that in this case the indorsement has no probative effect because it appears from the testimony of the person who made it that the check or money was received from one of the trustees who might have obtained it time enough before the making of the indorsement to bar the mortgage by the statute. That trustee is dead, the transaction is over twenty-five years old, and the witness who was the clerk and accountant of the trustee naturally cannot recall the details of the payment. We think the presumption is that the payment was made at the time of the entry, especially in the absence of any evidence to the contrary on the part of the defendant.

The judgment appealed from should be affirmed, with costs.

Judgment reversed and final judgment directed in favor of defendant, with costs.