REDMOND v. HUGHES et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1912.)

1. PAYMENT (§ 66*)—PRESUMPTIONS—LAPSE OF TIME.
   The presumption of payment from lapse of time does not arise until 20 years have elapsed since maturity of the debt.
   [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 176–188; Dec. Dig. § 66.*]

2. MORTGAGES (§ 319*)—PAYMENT—BURDEN OF PROOF.
   Payment is an affirmative defense, and the burden of pleading and proving the same is on defendant, in an action to foreclose a mortgage brought shortly after maturity of the debt.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 855–863, 875, 913; Dec. Dig. § 319.*]

3. MORTGAGES (§ 319*)—FORECLOSURE—NONPAYMENT—EVIDENCE.
   The production of a bond and mortgage from the possession of plaintiff suing to foreclose the mortgage is, in itself, some evidence that the obligations therein have not been discharged by payment.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 855–863, 875, 913; Dec. Dig. § 319.*]

4. MORTGAGES (§ 464*)—FORECLOSURE—PAYMENT—BURDEN OF PROOF.
   General Rules of Practice, rule 60, providing that, where a defendant in a suit to foreclose a mortgage is an infant and has put in a general answer by his guardian, the order of reference shall direct the referee to take proof of the facts stated in the complaint, and to examine plaintiff on oath as to any payments which have been made, and to compute the amount due, does not apply where the original plaintiff died pending the action, and his executor was not substituted as plaintiff until the action was at issue, and there was nothing to show that the executor had any knowledge as to the bond and mortgage or of any payments thereon, and a judgment of foreclosure was warranted on the executor producing the bond and mortgage, and where defendants, including an infant defend-

---

ant for whom a guardian ad litem had been appointed, did not put in any proof.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1362; Dec. Dig. § 464.*]

Appeal from Kings County Court.

Action by Edward Hughes, prosecuted after his death pending the trial by Thomas J. Redmond, as executor, against Elizabeth A. Hughes, individually and as administratrix of John J. Hughes, deceased, and others. From a judgment for plaintiff, defendant Elizabeth A. Hughes appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

George Thoms, of New York City (Joseph T. Weed, on the brief), for appellant.

Lewis C. Grover, of Brooklyn, for respondent.

CARR, J. The defendant Elizabeth A. Hughes, individually and as administratrix of John J. Hughes, deceased, appeals from a judgment of the County Court of Kings County, entered in favor of the plaintiff in an action brought to foreclose a mortgage. The mortgage in question was made by John J. Hughes, deceased, and was accompanied by a bond for the sum of $2,625. Both instruments bore date April 15, 1907, and were payable on July 15, 1908, with interest at the rate of 5½ per cent. per annum, and were made in favor of and delivered to one Greenman and others as executors and trustees under the will of Henry Greenman, deceased. On July 22, 1908, the mortgagees, by an instrument in writing bearing said date, assigned the bond and mortgage in question to one Edward Hughes. The mortgagor, John J. Hughes, died on or about February 8, 1909, leaving a widow, Elizabeth A. Hughes, who was appointed his administratrix, and two minor children, Irene and Edward R. Hughes, as his heirs at law. Edward Hughes, the assignee, brought this action of foreclosure upon the bond and mortgage in question, and in his complaint alleged that the defendant had failed to comply with the conditions of said bond and mortgage, in that they had failed to pay the principal sum thereof, together with the accrued interest on the maturity of the bond and mortgage. A guardian ad litem was appointed for the infant defendants, who answered generally, and the defendant Elizabeth Hughes, individually and as administratrix, put in an answer setting up the affirmative defense of payment.

Pending the trial of the issues, the plaintiff, Edward Hughes, died, leaving a last will and testament of which the present plaintiff is the executor, who was thereupon substituted as plaintiff. The action was brought on regularly for trial at the County Court of Kings County in March, 1911. At the trial thereof, the substituted plaintiff produced in evidence the bond and mortgage and the written assignment thereof to his decedent, Edward Hughes, and rested without further proof. The defendant Elizabeth Hughes moved to dismiss the com-

plaint, on the ground that it was incumbent upon the plaintiff to prove that the bond and mortgage had not been paid and thereby discharged. On the denial of this motion, the defendants rested without putting in any proof. Judgment was granted in favor of the plaintiff for the foreclosure of the bond and mortgage in question. From this judgment Elizabeth Hughes has appealed individually and as administratrix, and the infant defendants have not joined in the appeal.

[1] It is urged by the appellant that, under the authority of the decision in Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, 2 Ann. Cas. 740, the burden was on the plaintiff to establish nonpayment of the bond as a condition precedent to a judgment of foreclosure. It will be noted that the bond in question was overdue at the time this action was brought, and but little time had elapsed since the date of the maturity of the bond and the bringing and trial of the action; so therefore the common-law presumption of payment, which obtains after the expiration of 20 years from the maturity of an obligation under a sealed instrument, did not arise.

[2] Payment is an affirmative defense, and the burden of pleading and proving the same was upon the defendant. There is nothing to the contrary in what was actually decided in Conkling v. Weatherwax, supra.

[3] In any event, the production of the bond and mortgage from the possession of the plaintiff was, in itself, some evidence that the obligations therein expressed were still subsisting, and had not been discharged by payment.

The appellant cites in behalf of her contention a decision of the former General Term in this department, in United States Trust Co. v. Stanton, 76 Hun, 32, 27 N. Y. Supp. 614, affirmed 145 N. Y. 620, 40 N. E. 165. In that case, an action was brought to foreclose a mortgage accompanied by a bond under seal. More than 20 years had elapsed since the date of maturity of the obligation of the bond. The defendants answered, setting up the statute of limitations. At the trial the plaintiff relied upon an indorsement on the bond showing a payment of interest within the period of 20 years after the maturity of the bond. It was held that the burden was on the plaintiff to show that this alleged payment of interest was made within the 20-year period. That case, however, does not affect the question here at bar. For under the circumstances of that case, the common-law presumption of payment of the bond applied, unless rebutted by the plaintiff. Here there is no presumption of payment under the circumstances of this case.

[4] It is further urged that, inasmuch as some of the defendants were infants, it was obligatory on the plaintiff on the trial of this action to give evidence as to the facts and circumstances stated in the complaint, and likewise as to any payment which may have been made on the bond and mortgage in question. In support of this contention, rule 60 of the General Rules of Practice is relied upon. That rule relates to the procedure to be followed in case of the appointment of a referee to compute the amount due upon the bond and mortgage in an action of foreclosure. It contains, in part, language as follows:

"If the defendant is an infant, and has put in a general answer by his guardian, or if any of the defendants are absentees, the order of reference shall also direct the person to whom it is referred to take proof of the facts and circumstances stated in the complaint, and to examine the plaintiff or his agent, on oath, as to any payments which have been made, and to compute the amount due on the mortgage, preparatory to the application for judgment of foreclosure and sale."

This rule does not purport to relate in any way to a trial by the court where issues arise upon the pleadings in the action. Nor do we think that it should be held by implication to apply to such a situation as is now presented before us. Here the plaintiff in the action at the time of the trial was the executor of the original plaintiff, who had died, and he was not substituted as plaintiff in place of the decedent until the action was at issue. There was nothing to indicate that this substituted plaintiff had any knowledge whatever in regard to the bond and mortgage, or of any possible payment thereof. The original plaintiff had died, and he surely could not be examined on the subject-matter. If anything could be disclosed by an examination of the original mortgagees, they could have been produced by the defendant at the trial. The plaintiff here had done all that he was required to do by any rule of law to put the defendants upon their proof of the affirmative defense of payment.

The judgment should be affirmed, with costs. All concur.