JOSEPH METZGER, Appellant, v. NOVA REALTY COMPANY, Respondent, Impleaded with Others.

Mortgage — extension of time of payment of bond and mortgage by agreement between assignee thereof and the grantee of the mortgaged premises — when such agreement relieves mortgagor from liability on the bond.

1. Where the holder of a bond and mortgage entered into an agreement with the grantee and then owner of mortgaged premises by which the time of payment was extended for several years without the knowledge of the obligor on the bond, the land having become the primary fund for the payment of the mortgage debt, the obligor is relieved from liability upon the bond and the mortgagee cannot recover thereon.

2. The liability of the obligor is not reserved by a clause in such agreement between the mortgagee and the owner of the equity which provides that "Nothing herein contained shall impair the security now held for said debt, or any condition or agreement contained in said bond and mortgage, which bond and mortgage the party of the second part hereby ratifies and confirms as modified by this agreement."

*Metzger* v. *Nova Realty Co.*, 160 App. Div. 394, affirmed.

(Argued January 7, 1915; decided January 26, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 17, 1914, modifying and affirming as

1915.]                    Statement of case.                [214 N. Y.]

modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action is brought to foreclose a mortgage. April 30th, 1907, the Nova Realty Company executed and delivered to the Jumel Realty and Construction Company its bond in the penal sum of twenty-three thousand dollars to secure the payment of eleven thousand five hundred dollars on May 1st, 1910, together with a mortgage accompanying the same on real estate in the city of New York.

The Jumel Realty and Construction Company on December 7th, 1908, assigned and transferred the bond and mortgage to the plaintiff and in and by the same instrument covenanted there was unpaid thereon $11,500 principal and interest from November 1st, 1908, and guaranteed the prompt and punctual payment of principal and interest to the plaintiff.

Prior to March 15th, 1910, the Westown Realty Company had by mesne conveyances become the owner of the property subject to the mortgage, and on that date the plaintiff and Westown Realty Company entered into an agreement in writing which recited the bond and mortgage, the amount unpaid thereon as $10,000 with interest from November 1st, 1909, a request by the Westown Realty Company for an extension of the time of payment, and an agreement on the part of plaintiff that the time of payment be extended to May 1st, 1913. The Westown Realty Company also covenanted to pay interest from November 1st, 1909, to May 1st, 1910 (the original due date) and interest semi-annually thereafter; that it owned the premises and there were no offsets or defenses to the bond and mortgage, that in the event of a change in the law in relation to taxation so as to affect the mortgage or debt thereby secured, the bond and mortgage should become due and payable after thirty days' written notice, and that any sums paid by the holder of the mortgage for expenses including counsel fees in an action to prosecute

or defend the rights and liens created by the mortgage or in establishing such rights should be paid by the owner of the mortgaged premises together with interest and should be a lien upon the premises, and was in addition to all other rights of the owner of said mortgage to recover costs, disbursements and allowances.

The agreement also contained the following clause:

" Nothing herein contained shall impair the security now held for said debt, or any condition or agreement contained in said bond and mortgage, which bond and mortgage the party of the second part hereby ratifies and confirms as modified by this agreement."

The complaint prayed that the Nova Realty Company be adjudged to pay any deficiency remaining after the sale of the premises. After issue joined by the answer of the Nova Realty Company, a trial was had and the relief prayed for against the Nova Realty Company was granted. Upon appeal to the Appellate Division the judgment was modified by striking therefrom so much as provided for a deficiency judgment against the Nova Realty Company, and by inserting a provision that the complaint in so far as it demands judgment that the Nova Realty Company be adjudged to pay any deficiency be dismissed as against the defendant Nova Realty Company upon the merits.

*Samuel Levy* and *Reuben Rodecker* for appellant. A creditor in extending time to a principal debtor may reserve his rights against a surety for the debt, the effect of such reservation being to preserve the liability of the surety intact and unaffected by the extension. (*Morgan* v. *Smith*, 70 N. Y. 537; *Calvo* v. *Davies*, 73 N. Y. 211; *National Bank of Newburgh* v. *Bigler*, 83 N. Y. 51; *Palmer* v. *Purdy*, 83 N. Y. 144; *Exchange Building & Investment Co.* v. *Bayless*, 91 Va. 134; *Hodges* v. *Elyton Land Co.*, 109 Ala. 617; *Big Rapids Nat. Bank* v. *Peters*, 120 Mich. 518; *Hagey* v. *Hill*, 75 Penn. St. 108; *Dean* v. *Rice*, 63 Kans. 691; *Jones* v. *Sarchett*, 61 Iowa,

520; *Boston National Bank of Seattle* v. *Jose*, 38 Pac. Rep. 1026; *Nichols* v. *Norris*, 3 Barn. & Ald. 41; *Wyke* v. *Rogers*, 1 DeG., M. & G. 408.) The reservation clause contained in the extension agreements is a valid and effectual reservation of the appellant's rights against the respondent. (*Morgan* v. *Smith*, 70 N. Y. 537; *Mut. L. Ins. Co.* v. *Fleischmann*, N. Y. L. J., April 20, 1909; *Mut. L. Ins. Co.* v. *Myers*, N. Y. L. J., Sept. 1, 1909; *Clagett* v. *Salmon*, 5 G. & J. (Md.) 314; *Hodges* v. *Elyton Land Co.*, 109 Ala. 617; *Mueller* v. *Dobschuetz*, 89 Ill. 176; *Stirewalt* v. *Martin*, 84 N. C. 5.)

*William B. Symmes, Jr.*, and *David T. Davis* for respondent. The extension of the mortgages discharged this respondent from further liability upon its bonds. (*Murray* v. *Marshall*, 94 N. Y. 611.) The so-called reservation clause in the extension agreements did not prevent this respondent's discharge from liability upon its bonds. (*Calvo* v. *Davies*, 73 N. Y. 211; *National Park Bank* v. *Koehler*, 204 N. Y. 174.)

HOGAN, J. Upon the trial of the action the court found as matters of fact that the agreement entered into between the plaintiff and the Westown Realty Company, March 15th, 1910, was made without the knowledge or consent of the defendants Nova Realty Company and Jumel Realty and Construction Company that the market value of the premises described in the mortgage from on or about March 15th, 1910, down to and including May 1st, 1910, was $58,650, exceeding the amount of the prior liens and mortgage debt by $8,150. The only question presented on this appeal is the personal liability of the Nova Realty Company upon the bond executed by it in view of the extension of the time of payment of the same without its knowledge or consent.

The plaintiff asserts that the clause in the agreement, " Nothing herein contained shall impair the security now held for said debt, or any condition or agreement con-

tained in said bond and mortgage, which bond and mortgage the party of the second part hereby ratifies and confirms as modified by this agreement," reserved to him unimpaired the liability of the Nova Realty Company upon the bond and mortgage executed by it as security for the debt which this action is brought to enforce.

On March 15th, 1910, the date of the agreement for the extension of time of payment of the bond and mortgage, the premises covered by the mortgage were owned by the Westown Realty Company, and as between the Nova Realty Company and the Westown Realty Company the land was the primary fund for the payment of the mortgage. The mortgage and bond accompanying the same were then owned by the plaintiff but the debt secured therein was not due until May 1st following that date. The Nova Realty Company was the obligor upon the bond, and having parted with its title to the mortgaged premises it had the right to pay the debt on May 1st, 1910, and be substituted to the mortgage security with the privilege of immediately proceeding by foreclosure against the land then owned by the Westown Realty Company, or call upon the mortgagee to foreclose the mortgage and have determined the amount, if any, of its liability upon the bond for the deficiency arising from the sale of the premises in foreclosure. In the enforcement of such right the Nova Realty Company was vested with all of the rights of a surety and the mortgagee was inhibited from dealing with the Westown Realty Company to the prejudice of the equitable rights of the Nova Realty Company, the surety.

We may inquire what was the situation of the parties on May 1st, 1910. The plaintiff had without the consent of the Nova Realty Company extended the time of payment of the principal sum secured by the bond and mortgage for a period of three years. He had thereby denied to himself the right to foreclose the mortgage immediately after May 1st, 1910, and the mortgage by reason

of the extension of time not being due the Nova Realty Company could not pay the debt to the plaintiff and become substituted to the mortgage security and proceed against the land by foreclosure. Had it paid the mortgage to the plaintiff and undertaken to foreclose the same it would be met by the defense that the mortgage debt was not due. If the Nova Realty Company demanded of the plaintiff that the mortgage be foreclosed, such demand would be futile; plaintiff had by the agreement to extend the time of payment created a. condition which would estop him from maintaining such action.

We think it clear that by the action of the plaintiff, the mortgagee, he denied to the Nova Realty Company the equitable rights vested in it. If he could legally extend the time of payment for three years without the consent of the company, he could make a like extension for a period of ten years or even a greater number of years, and, upon his theory, continue the liability of the Nova Realty Company upon the bond.

The question as to whether or not any reservation could have been embodied in the extension agreement which would preserve the liability of the Nova Realty Company upon the bond is not in this case. The sole question is whether the clause quoted from the extension agreement had that effect. We are of opinion that it did not. The owner of the equity of redemption sought an extension of time. The mortgagee granted the extension and the mortgage was to stand unimpaired except as to the time of payment of the same. The owner of the equity of redemption did not consent or agree that the Nova Realty Company, the obligor of the bond, might assert its rights and foreclose the mortgage on May 1st, 1910, or at any time thereafter. Had it or the plaintiff intended to reserve to the surety all of its legal and equitable rights language more apt would have been used in the agreement, but the language contained therein is not susceptible of such a construction. The principles of law stated in *Calvo* v. *Davies*

(73 N. Y. 211); *Murray* v. *Marshall* (94 N. Y. 611) and *National Park Bank of N. Y.* v. *Koehler* (204 N. Y. 174) are controlling here and the judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, MILLER and CARDOZO, JJ., concur.

Judgment affirmed.