FREDERICK E. FEIGENBAUM, Appellant, *v.* EDWARD HIZSNAY and ARANKA HIZSNAY, Respondents, Impleaded with HOWARD PARKES and Others, Defendants.

First Department, March 21, 1919.

Mortgage — conveyance of mortgaged premises without assumption of debt by grantee — extension of time of payment — when mortgagors remain liable for deficiency on foreclosure — failure to present issue as to depreciation in value of property after extension — burden of proof — wife of mortgagor signing bond presumptively liable thereon.

Where mortgagors conveyed the mortgaged premises to a grantee who gave back a purchase-money mortgage, but did not assume the prior mortgage, an agreement between the mortgagee and the grantee extending the time of payment of the mortgage without the knowledge or consent of the mortgagors did not of itself release the mortgagors from liability for a deficiency on foreclosure.

Under the circumstances, as the grantee did not assume the mortgaged debt, the only effect of the extension was to release the mortgagors to the extent of the value of the property at that time. If it was worth the amount of the indebtedness or more they were wholly released, but if worth less the mortgagors remained liable for the difference between its then value and the amount of the indebtedness.

Where neither of the parties to the foreclosure made any allegation as to whether or not the property had depreciated in value since the making of the extension by the grantee there was no issue presented on this question.

*It seems*, that if the grantee had assumed the prior mortgage he would, thereby, as between the mortgagors and himself, have become obligated to pay it and the mortgagors would then have stood in the relation of surety to the mortgagee for payment.

*It seems*, that under the circumstances the burden of proof as to any diminution in the value of the security after the extension of the time within which to pay the mortgage rests upon the mortgagors who must plead and prove said fact.

Where no issue was presented with respect to the value of the property at the time of the extension of payment of the mortgage by the grantee it will be assumed that it did not depreciate in value thereafter to the prejudice of the mortgagors.

Where the wife of one of the mortgagors signed the bond in the presence of a subscribing witness but did not acknowledge it, and the execution was proved by him, she is presumptively liable upon the bond and especially so where the mortgage itself contains an agreement obligating her and her husband to pay the indebtedness.

APPEAL by the plaintiff, Frederick E. Feigenbaum, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Bronx on the 20th day of August, 1918, upon the decision of the court after a trial at the Bronx Special Term.

An appeal is taken from said judgment in so far as it decrees that no deficiency judgment against the defendants Edward and Aranka Hizsnay shall be entered herein and dismisses the complaint as against them, with costs.

*Alexander Pfeiffer* of counsel [*Randolph M. Newman*, attorney], for the appellant.

*L. C. Ferguson* of counsel [*Banton, Ferguson & Moore*, attorneys], for the respondents.

LAUGHLIN, J.:

This is an action to foreclose a mortgage on premises in the borough of The Bronx, in the city of New York, executed

First Department, March, 1919. [Vol. 187.

and delivered by the respondents Hizsnay to the plaintiff on the 5th day of August, 1913, to secure a bond to the plaintiff of even date therewith, therein recited to have been given by the respondent Edward Hizsnay to secure the payment of $4,200 in four installments of $150 each, in successive periods of six months, and $100 at the expiration of the next successive six months, and the balance of $3,500 on the 5th day of August, 1916. The respondents on the same day conveyed the premises, subject to the mortgage, to one Parkes, who did not assume it, but executed to them a purchase-money mortgage on the premises for $900. The interest was paid by Parkes down to January 1, 1917, but no part of the principal was paid. In the month of January, 1917, after the mortgage had become due, the plaintiff and Parkes, without the knowledge or consent of the respondents, negotiated and executed a formal agreement for the extension of the payment of the indebtedness secured by the mortgage, by the terms of which Parkes, who was not theretofore personally liable to the plaintiff, agreed to pay on account of the indebtedness $10 the first of each month until the 1st of December, 1918, when he agreed to pay the balance of $3,980. After paying $50 under the extension agreement, Parkes defaulted. He conveyed the premises on the 24th of January, 1918, to the defendant Wallace. This action was commenced on March 16, 1918, and a deficiency judgment was demanded against the respondents.

The plaintiff alleged the facts with respect to the execution of the extension agreement but did not allege that it was made without the consent or knowledge of the respondents. The respondents alleged as a defense the execution of the extension agreement and claimed that they were thereby *wholly* discharged from liability; but it was not alleged, either by the plaintiff or respondents, that the premises had or had not depreciated in value since the making of the extension agreement. Thus by the pleadings no issue was presented with respect to whether or not the premises were adequate security for the indebtedness at the time the plaintiff, by a valid agreement, extended the time of payment of the indebtedness, or to what extent, if any, the security had since become impaired by depreciation or otherwise; and neither

party offered any evidence on either of those points or asked for an amendment of the pleadings.

The plaintiff made the necessary formal proof, including computation of the amount due, and rested. The respondents introduced the extension agreement and showed that they did not consent to its execution and had no knowledge of it, and offered to show that the respondent Aranka Hizsnay, who was the wife of the other respondent, had no interest in the proceeds of the bond and mortgage.

The respondents evidently rested, on the trial, on the theory of their answer, that the mere execution of a valid extension agreement wholly released them from liability, and they so contend here; but the only decisions cited that are in point on the facts and tend to sustain their contention are *Merrill* v. *Reiners* (14 Misc. Rep. 583) and *Meuser* v. *Kirschbaum* (84 id. 259), which are not authority in this court and are in conflict with the decision of this court in *Matter of Piza* (5 App. Div. 181). The only effect of the extension was to release the respondents to the extent of the value of the property at that time; and if it was worth the amount of the indebtedness owing, or more, of course, they were wholly released, but, if worth less, then they still remained liable for the difference between its then value and the amount of the indebtedness. (*Matter of Piza, supra; Wiener* v. *Boehm,* 126 App. Div. 703; *Cohen* v. *Hecht,* 128 id. 511; *Neukirch* v. *McHugh,* 165 id. 406.) If the grantee of the respondents had assumed the mortgage he would thereby, as between them and him, have become obligated to pay it, and they would then have stood in the relation of surety to the mortgagee for payment by him (*Murray* v. *Marshall,* 94 N. Y. 611; *Calvo* v. *Davies,* 73 id. 211; *Paine* v. *Jones,* 76 id. 274; *Fish* v. *Hayward,* 28 Hun, 456; affd., 93 N. Y. 646); but the agreement their grantee subsequently negotiated with the mortgagee did not constitute an assumption of the indebtedness as between him and the respondents, and, therefore, they remained liable to the mortgagee as original obligors on the bond, unless their liability was discharged or reduced by the extension, depending upon the value of the security and whether it subsequently depreciated. (*Matter of Piza, supra; Cohen* v. *Hecht, supra.*)

The precise point as to whether, in such case, the burden of pleading and proving the facts, with respect to any diminution in value of the security after the extension, rests on the plaintiff or on the obligor claiming to be discharged in whole or in part thereby, does not seem to have been squarely presented for decision; but, in so far as it has been considered, the authorities tend to hold that it is an affirmative defense which must be pleaded and proved. (*Wiener* v. *Boehm*, *supra; Neukirch* v. *McHugh*, *supra; Union Bank of Brooklyn* v. *Rubenstein*, *No. 1*, 78 Misc. Rep. 463; affd., 160 App. Div. 919; 216 N. Y. 766. See, also, *Redmond* v. *Hughes*, 151 App. Div. 99.) Counsel for respondents appears to recognize this, for he says the respondents were relieved of any obligation in this regard owing to the fact that plaintiff alleged the extension agreement; but that shed no light on the vital point with respect to the *value* of the property and, therefore, did not shift the burden. The learned trial court seized upon some observations in the opinion of Judge FINCH in *Murray* v. *Marshall* (*supra*) to the effect that a payment by the owner of the equity of redemption as a condition of obtaining an extension, where he was not liable for the indebtedness, is evidence that he then deemed the property worth the amount of the mortgage, and found on the extension agreement and purchase-money mortgage executed by Parkes, that the security was adequate at the time of the extension. In this we think there were two errors. No issue was presented with respect to the value of the property at the time of the extension, and, therefore, it should have been assumed that it did not depreciate in value thereafter to the prejudice of the respondents. It may be that the inference is warranted that Parkes would not have given the purchase-money mortgage or subsequently have assumed this mortgage unless he deemed the premises worth, at least, the amount thereof, but we fail to see any logical theory on which his act or his unsworn opinion becomes competent evidence against the mortgagee with respect to the value of the land. That finding, therefore, must be reversed.

The respondent Aranka Hizsnay signed the bond in the presence of a subscribing witness; but she did not acknowledge it, and the execution thereof by her was proved by him. It

is contended that in no event should she be held for any deficiency, for her name is not recited in the bond as a party thereto, and it is recited in the mortgage that the bond was to be given by her husband.   She is, I think, presumptively liable on the bond (See *Esselstyn* v. *McDonald,* 98 App. Div. 197; *Electric Carriage C. & S. Co.* v. *Herman,* 67 Misc. Rep. 394); but the mortgage itself contains an agreement obligating both respondents to pay the indebtedness.

It follows that the findings and legal conclusions inconsistent with these views should be reversed and appropriate findings and conclusions in accordance therewith made, and the judgment, in so far as it is appealed from, should be reversed, with costs to appellant, and provisions substituted therefor authorizing a deficiency judgment against respondents.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Judgment so far as appealed from reversed, with costs to appellant, and provisions substituted therefor authorizing a deficiency judgment against respondents.   Order to be settled on notice.