Sarah E. MacDonald, Plaintiff, *v.* Loton H. Slawson and the Callcott Construction Company, Defendants.

(Supreme Court, New York Special Term, July, 1919.)

Foreclosure — mortgages — extension agreement — pleading — trial — burden of proof — when motion to dismiss complaint denied.

The time of payment of a mortgage was extended prior to a conveyance of the mortgaged premises and an action of foreclosure discontinued pursuant to a further extension agreement entered into between the mortgagee and the mortgagor's grantee in and by which agreement the said grantee agreed to pay the

mortgage with interest. In an action of foreclosure brought thereafter only the mortgagor served an answer which denied the allegation of the complaint as to the last extension agreement and the amount due, and as an affirmative defense alleged his conveyance of the mortgaged premises, and that the last extension agreement was made without his consent and that his liability under the mortgage was thereby terminated. Upon the trial plaintiff offered in evidence the bond and mortgage in suit and the various extension agreements but offered no evidence as to whether the mortgagor consented to the last extension agreement, or of any subsequent diminution in the value of the property, and whether the mortgagor had conveyed the property subject to the mortgage or his grantee had assumed payment thereof did not appear. Upon denying a motion to dismiss the complaint, *held,* that it was no part of plaintiff's case to allege and prove that the mortgagor consented to the last extension agreement; that having made proof of the mortgage, the burden was then upon the mortgagor to establish his affirmative defense and, having failed so to do, plaintiff was entitled to the usual judgment of foreclosure and sale including an adjudication as to the payment of any deficiency.

ACTION to foreclose a mortgage on real property.

Stotesbury & Miner (Justin L. Miner, of counsel), for plaintiff.

John T. McGovern, for defendant Slawson.

GIEGERICH, J. The action is to foreclose a first mortgage for $25,000 on certain real property situated in New York county. The mortgage in suit with the bond accompanying it was given by the defendant Slawson to the plaintiff on or about February 14, 1906, and was payable on February 14, 1909, with interest at the rate of five and one-half per cent per annum, payable semi-annually. The mortgaged premises were subsequently and on or about March 29, 1917, conveyed by the defendant Slawson and his wife to the defendant the Callcott Construction Company. It is

stated in one of the plaintiff's requested findings of fact that the said conveyance was subject to the mortgage in suit, but no mention of this is made in either the complaint or answer, both of which pleadings merely allege that the property was conveyed as above stated. At the trial the defendants' counsel stipulated " that on or about the 29th day of March, 1917, the defendant Loton H. Slawson and Rebecca G. Slawson, his wife, conveyed the premises described in said mortgage to the defendant the Callcott Construction Company," but the deed of conveyance was not offered in evidence. No other evidence upon this subject was offered. It is not shown, therefore, whether the property was conveyed subject to the said mortgage nor whether the grantee assumed the payment thereof or not. I will therefore, unless the defendant consents, refuse to make a finding of the character requested. Prior to such conveyance the time for the payment of the mortgage debt had by several agreements been extended to February 14, 1914, and default having been made in the payment of the principal and interest, an action to foreclose the mortgage was commenced on or about September 24, 1917. Such foreclosure action was subsequently discontinued, and on October 4, 1917, an extension agreement was entered into between the plaintiff and the defendant the Callcott Construction Company whereby the time for the payment of the debt secured by the mortgage was extended to August 14, 1918, and that company promised and agreed to pay the principal sum secured by the mortgage and interest. The complaint alleges that such extension agreement was made at the instigation and request and with the knowledge and consent of the defendant Slawson. This is denied by the answer. Default having been made in the payment of the principal sum of $25,000, which, as above shown, became

9

due and payable on August 14, 1918, together with the interest thereon from February 14, 1918, the present action was commenced. The plaintiff asks for a deficiency judgment against both defendants. The defendant Slawson only has served an answer, and he denies the allegations of the complaint as to the extension agreement of October 4, 1917, and that there is due and owing to the plaintiff the said principal sum of $25,000, together with interest thereon from February 4, 1918. The answer for a further, separate and distinct defense alleges the said conveyance of the mortgaged premises by himself and his wife to the defendant company, and that, on or about October 4, 1917, the bond and mortgage in suit was extended by an agreement between the said defendant company and the plaintiff to August 14, 1918, without his consent, and that his liability was thereby terminated. At the trial the plaintiff offered in evidence the bond and mortgage in suit and the various extension agreements, including the one between the plaintiff and the defendant the Callcott Construction Company of October 4, 1917, but offered no evidence as to whether the defendant Slawson consented to the said extension or of any subsequent depreciation in the value of the property. The defendant Slawson, who is the only defendant who appeared at the trial, did not offer any evidence, but moved to dismiss the complaint as to himself. The question presented is one of pleading and of burden of proof. Was it part of the plaintiff's case to allege and prove that the defendant Slawson consented to the extension agreement? If it was, then that defendant's motion to dismiss the complaint should be granted, and he was under no obligation to give any evidence in support of his defense. For the purpose of discussing the question presented it may be well first to call attention in a general way to the

various facts which operate to exonerate a person liable on a bond in cases of this character. The typical case, in its simplest form, involves a mortgagor, who is also an obligor on the bond, a mortgagee and a grantee of the mortgagor, who will hereafter be referred to as the obligor. Let us assume, further, an extension of the time of payment given by the mortgagee to the grantee. Now, there are two combinations of facts in such a situation that will discharge the obligor of his liability in whole or in part. The first combination is made up of the following facts, namely, the absence of the obligor's consent to the extension and the existence of an assumption of the mortgage debt by the grantee. In such a case the obligor is wholly relieved of his obligation, regardless of the value of the property. *Calvo* v. *Davies*, 73 N. Y. 211. The second combination is made up of the absence of the obligor's consent to the extension and a diminution in the value of the mortgaged property, occurring after the granting of the extension, to a point where such value is less than the amount of the debt. It should be borne in mind that before the obligor can be hurt, on any theory, by the extension, there must be both a diminution in value after the extension, and such diminution must extend to a point below the amount of the debt. A diminution stopping short of that point would be immaterial, because the value of the property would still exceed the debt, and on the foreclosure sale there would be no deficiency, and so no question of personal liability of the obligor or any one else. It might be remarked in passing that there may be cases where there has been no diminution in value after the extension, but where the obligor would be under a personal liability. Such would be the case where, at the time of the extension, the property was worth less than the

amount of the debt. In such a case the obligor would be liable for the deficiency, quite irrespective of any question of extension, because an unauthorized extension releases the obligor only to the extent of the value of the mortgaged property at the time of such extension. *Feigenbaum* v. *Hizsnay,* 187 App. Div. 126; *Matter of Piza,* 5 id. 181; *Wiener* v. *Boehm,* 126 id. 703; *Cohen* v. *Hecht,* 128 id. 511; *Neukirch* v. *McHugh,* 165 id. 406. The question of the substantive rights of the parties in cases of the kind above referred to has been up for decision very frequently in the courts of this state, as will appear from the many cases cited in *Feigenbaum* v. *Hizsnay, supra.* The authorities are very meagre, however, upon the question of pleading and the cognate question of the burden of proof. The nearest controlling authority I am able to find upon the point is *Feigenbaum* v. *Hizsnay, supra,* in which case, at page 130, the Appellate Division said: " The precise point as to whether in such case, the burden of pleading and proving the facts, with respect to any diminution in value of the security after the extension, rests on the plaintiff or on the obligor claiming to be discharged in whole or in part thereby, does not seem to have been squarely presented for decision, but, in so far as it has been considered, the authorities tend to hold that it is an affirmative defense which must be pleaded and proved. (*Wiener* v. *Boehm, supra, Neukirch* v. *McHugh, supra; Union Bank of Brooklyn* v. *Rubenstein, No. 1,* 78 Misc. Rep. 463; affd., 160 App. Div. 919; 216 N. Y. 766. See, also, *Redmond* v. *Hughes,* 151 App. Div. 99.) " It is to be observed that the court here makes reference only to the fact of the diminution in value, and says nothing about the other fact necessary to be added to the fact of diminution in order to make a good defense, namely, the fact of the lack of the obligor's consent to the extension. Neither

does the court make, nor was there any occasion to make, any reference to the third fact, important in the other class of cases, namely, the fact of assumption of the debt by the grantee. I am of the opinion, however, that what the court said as to the proper rule of pleading and proof to be applied to the fact of diminution in value applies with equal reason to the other facts. If any of those facts constitute a part of the obligor's defense, to be pleaded and proved by him, then equally all of them that the obligor may seek to use in order to escape all or any part of the obligation that would otherwise exist against him should be held to constitute a part of his affirmative defense. In the present case, therefore, I think it follows from what was said by the Appellate Division in the passage above quoted, that it was no part of the plaintiff's case either to plead or prove that the defendant Slawson consented to the extension. Such consent was the negative of a fact which the defendant Slawson would have to plead and prove as a part of his affirmative defense, and consequently the averment of that fact in the complaint was superfluous, and the failure to prove it afforded no ground for a motion to dismiss the complaint. I am of the opinion, therefore, that after the plaintiff proved the original obligation of the defendant Slawson on the bond, a sufficient *prima facie* case was made out, and it then devolved upon the defendant Slawson to prove the facts relied upon by him as an affirmative defense to defeat the apparent liability which the plaintiff had proven against him. This, as already seen, he wholly failed to do, and the plaintiff is therefore entitled to judgment as prayed for. My conclusion is that the motion to dismiss the complaint should be denied, and that the plaintiff is entitled to the usual judgment of foreclosure and sale, including an adjudication that

the defendants Slawson and the Callcott Construction Company pay any deficiency that may remain after applying all the proceeds of the sale to the payment of the amount due on the bond and mortgage, together with the costs, an additional allowance of $200, interest and expenses of sale. The plaintiff only has submitted requests for findings, and they are accompanied by an admission of service of the attorney for the defendants. The parties were requested upon the final submission of the case to submit with their papers their respective requests to find. I assume that the failure of the defendants to do so is due to oversight, and they are therefore given two days after the publication hereof within which to submit such requests. The plaintiff's requests for findings of fact and conclusions of law make no mention whatever of the award to the plaintiff of costs and an additional allowance. Since these are in the discretion of the court in an action of this character, the decision must, pursuant to section 1022 of the Code of Civil Procedure, contain a direction with respect to such costs and additional allowance. *Reynolds* v. *Ætna Life Ins. Co.*, 6 App. Div. 254; *Kent* v. *Common Council*, 90 id. 553; *Troughton* v. *Digmore Holding Co., Inc.*, 105 Misc. Rep. 638. If the plaintiff's attorneys desire they may within two days after the publication hereof withdraw the proposed findings submitted by them and substitute new ones instead, and within the same time the defendant may submit requests. The papers so far received by me have, in the meantime, been returned to the clerk, to whom all further papers are to be presented, with proof of service.

Ordered accordingly.