THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IGNATIO SCALAFANI, Appellant.— Judgment of conviction of the County Court of Kings county and order denying defendant's application to withdraw his plea of guilty unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD McGRATH, Appellant, v. LEWIS E. LAWES, as Warden of Sing Sing Prison, Defendant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.— Order dismissing writ of habeas corpus and remanding relator to the custody of the warden of Sing Sing Prison affirmed. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.

RELLIS REALTY Co., INC., Respondent, v. GEST HOLDING COMPANY, INC., Appellant.— Judgment modified by directing that the mortgaged premises be sold in separate parcels upon the statement contained in respondent's brief, and as so modified unanimously affirmed, without costs. No opinion. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ. Settle order on notice.

FRANK H. SINCERBEAUX and CITY BANK FARMERS TRUST COMPANY (Formerly Known as THE FARMERS LOAN AND TRUST COMPANY), as Executors, etc., of WILLIAM CRAWFORD, Deceased, Respondents, v. RETWIL REALTY COMPANY, INC., Appellant, and Others, Defendants.— Order striking out answer of defendant Retwil Realty Company, Inc., affirmed, with ten dollars costs and disbursements. The appealing defendant, the obligor upon the bond and the maker of the mortgage, was not discharged by reason of the subordination of the mortgage under foreclosure by the plaintiffs to the lien of a permanent mortgage executed to a corporation other than a " bank, title or insurance company " by said defendant's grantee, nor by the release of a part of the mortgaged premises 41 feet front and rear by 100 feet deep on each side instead of 40 feet front and rear by 100 feet deep on each side, according to the strict terms of the mortgage. Even if we assume that these provisions were inserted in the mortgage for the benefit of the mortgagor the deviations disclosed by this record were not material for the reason that said defendant has affirmatively alleged that the " equity of redemption in said mortgaged premises is now, and always has been, reasonably worth the amount of the mortgaged indebtedness." The appealing defendant conveyed the mortgaged premises subject to the plaintiffs' mortgage. The rule is, under the circumstances disclosed by this record, that the obligor is not wholly discharged by deviation but only to the extent of the value of the land at the time of the deviation (*Murray* v. *Marshall*, 94 N. Y. 611; *Feigenbaum* v. *Hizsnay*, 187 App. Div. 126; *Matter of Piza*, 5 id. 181; *Cohen* v. *Hecht*, 128 id. 511), and it appears affirmatively that the value of the security remains unaffected. Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ., concur.

EDWARD J. TUMULTY, Appellant, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.