ALICE L. MELDOLA and Others, as Trustees under the Will of EMILY ARNOLD, Deceased, Plaintiffs, *v.* JOSEPH J. FURLONG and Others, Defendants.

Supreme Court, Monroe County, January 21, 1932.

*Raymond H. Arnot,* for the plaintiffs.

*C. Vincent Wiser,* for the defendants Joseph J. Furlong and William J. Maloy.

CUNNINGHAM, J. The defendant Joseph J. Furlong executed and delivered to the plaintiffs a mortgage on certain real property to secure the payment of the sum of $11,000. He thereafter

conveyed the property to the defendant William J. Maloy, who assumed such mortgage. Maloy later transferred the property to the defendant Gregory F. Mills, who assumed and agreed to pay the mortgage. Thus, the primary duty of payment of the mortgage debt rested upon Mills, and Maloy and Furlong were responsible as sureties for the payment thereof.

Thereafter, the plaintiffs, for a valid consideration, granted an extension of time for the payment of principal and interest of the mortgage. This was done without the knowledge of Maloy or Furlong, and served to release them to the extent of the market value of the property at the time of the extension. If at that time the market value of the real property equaled or exceeded the amounts due upon the mortgage, the value thereof being sufficient to cancel the mortgage debt, then these defendants were wholly released. (*Murray* v. *Marshall*, 94 N. Y. 611; *Spencer* v. *Spencer*, 95 id. 353.)

If at the time of the extension the market value of the real property were less than the debt, then the defendants would be liable for the difference between such market value and the amount of the debt. If the market value were less than the debt and if between the time of the extension and the date of the maturity of the mortgage the real property depreciated in value, then the defendants would not be liable to the amount of such depreciation. Thus, when an extension is relied upon as a defense, it is necessary that it be shown that at the time of the extension the real property was of sufficient value to cancel the debt, or else as a partial defense that the real property had depreciated in value since the extension. The burden of proving this is upon the parties relying upon the extension as a defense. (*Feigenbaum* v. *Hizsnay*, 187 App. Div. 126.)

In *Metzger* v. *Nova Realty Co.* (214 N. Y. 26), relied upon by the defendants, this rule was complied with because it was found as a fact therein that at the time of the extension and at the time of the maturity of the mortgage, the value of the real property exceeded the amount of the mortgage debt.

The defendants in this case have not offered any proof as to the value of the real property at the time of the extension or since. Therefore, the facts proved by them are not sufficient to constitute a defense.

Judgment of foreclosure and sale, with costs to the plaintiffs.